# EXHIBIT-03

Case 2:24-cv-04403-RGK-RAO Document 18-3 Filed 10/27/24 Page 1 of 9 Page ID #:819

Hello Esquire Grossman

Yesterday, 10/17/2024; I contacted the Judge's Chambers via his Clerk. This morning I noticed the Clerk's reply instructed me to contact you and file a motion instead.

As already stated in the email and worth repeating here for the record, you and Paramount Pictures <u>had no authority to continue to edit the already filed the Motion to Dismiss on 10/15/2024 two days later or after the deadline.</u>

Consequently, you and Paramount violated F.R.C.P. Rule 4(e)(3) and also violated the instructions on Judge's Order(ECF No.15) filed on 10/16/2024. What you and Paramount did is unjust and not procedural, thus tantamount to obstruction of justice.

**<u>We have two options to correct your and Paramount's misdeeds:</u>**

**OPTION 1)**

A mutually agreed "Leave" to correct and refile Doc.13 in accordance to Order-ECF-15. If you were unprofessional and exceeded the allowed "word-count"

that should also be included in the "Leave" in this way the *Leave* shall contain three mutually agreeably requests:

a) All Parties mutually agreed to strike the filings on docketed as ECF No.16 due to mistake and oversight.

b) All Parties mutually agreed to exceed word-count to be in compliance with Court Order-ECF-15.

c) All Parties mutually agree to refile all documents from docketed under ECF-12, 13, and 14 in accordance with Local Rule 11-3.6 without new-reedits.

d) Because the documents refiled will neither violate F.R.C.P. Rule 4(e)(3) or Order-ECF-15, then the Plaintiff's deadline to Reply shall not be altered and remain original deadline.

**OPTION 2)**

A mutually disagreed *Motion to Strike* all filings docketed as ECF-16 for failing to comply with Court Order-ECF-15 and for being in violation of F.R.C.P. Rule 4(e)(3).

Esquire Grossman, you are more experienced in filings than I am. In my humble opinion as a *Pro-Se litigant,* there are remedies and procedural steps for anything you wish to do.  Had you exceeded the word-count and needed to subtract text, you should have filed a Leave in tandem with your submission and

have me approve and agree with the next text. However, the way you filed was sneaky, wrong, and unjust for the two statutory reasons already mentioned.

If you regret things you wrote in the Original Motion to Dismiss filed on 10/15/2024 for being <u>unqualified remarks or false statements,</u> then the only legal remedy is for you to withdraw Paramount's *Motion to Dismiss* and move this case directly to damages.

**On another matter and conferral for another filling.**

Whether *Motion to Dismiss* under ECF-16 will remain undisputed even though it is in violation of two statutory rules, or *Motion to Dismiss* under ECF-13 will be refiled; both versions failed to adhere to F.R.C.P. Rule 8(b) and alternatively F.R.C.P. Rule 55(a).

I finished studying and reading Paramount's *Motion to Dismiss.* Trying to be civil here because you *ad nauseam*-ed a point; I learned that your ability to copy and paste from Lexis Nexis is only surpassed by your ability NOT to deny the many allegations made against the Defendant Paramount Pictures; a requirement under F.R.C.P Rule 8(b).

1    At first I thought that I could simply answer Paramount's *Motion to*

2 *Dismiss;* however, I think I could file an Application for Entry of Default because

3 (Pursuant to F.R.C.P. 55(a) and alternative F.R.C.P. 8(b) and here is why:

4 1) Paramount failed to deny or defend the many allegations I made against it as

5 per FRCP-8(b); for instance:

6 a) Paramount failed to deny or defend that the both plots sequences are striking

7 similar (<u>ONCE the religious themes are removed</u>); instead Paramount did not

8 address the removal of the religious themes found in *The Link* in order to avoid

9 boycott by religious enthusiasts.

10 b) Paramount failed to deny or defend that the connection to another book *The*

11 *Reincartionist Papers* ("TRP") was simply about a misdirection and to avoid

12 connection to religious controversies and also avoid subscribers' boycotts.

13 c) Paramount failed to deny or defend why buy <u>unprotected items</u> from another

14 novel (TRP) as a misdirection if novel themes are protected by *scene a faire*

15 anyway. <u>Paramount Pictures is a greedy capitalist contract for its shareholders;</u>

16 <u>why pay for something when it is FREE ALREADY, except for a misdirection?</u>

17 d) Paramount failed to deny or defend that my main protagonist-plight was

18 diluted into two characters to thin out the similarities between Sydney and Evan.

19 e) Paramount failed to deny or defend the astronomical mathematical odds (or

20 prominent coincidence) of between artworks are astronomical for two artworks

1. show the same World Trade Center, even when the World Trade Center is not
2. part of *"Infinite's"* plot.
3. f) Paramount failed to deny or defend the astronomical mathematical odds (or
4. impossible coincidence) between plots narrowing the <u>decade of 1750</u> in both
5. works are astronomical; in fact, you (as Paramount) even skipped bringing it up
6. in the sub-chapter "Setting:" on page 19 (docketed as Page 25 [10/15/24-
7. version]).
8. g) Paramount failed to deny or defend that both female supporting characters in
9. both plots "Lucia" and "Nora" have striking similarities on the same etymological
10. name meaning "light."  Which reminds me of my name sake, <u>Plaintiff Sandy</u>
11. Veith (who sued CBS [now Paramount]); whose female supporting character
12. had similar names, Meggy v. Megan.
13. By the way, it is a case from 1994 and I remember reading Mr.Veith's article
14. back in 1995; Veith felt blacklisted by Hollywood even after winning the case.
15. *__Variety hyperlink redacted for compliance with document upload.__*
16. *Variety hyperlink redacted for compliance with document upload.*
17. h) Paramount failed to deny or defend the striking similarity that the only chasing
18. scene in their "present reincarnation" ended the same way (The villain's car
19. flipped over).
20. i) Paramount failed to deny or defend the striking similarity that the leading
21. characters escape car had the same appearance and shape.

j) Paramount failed to deny or defend that the concocted involvement of Mr. Maikranz selling his plot was a pageantry in support of the alleged misdirection.

k) Paramount failed to deny or defend that the abbreviated version of the plots of *The Link* in its dust-jacket and Infinite in rottentomatoes.com are more in common than *TRP*.

l) Paramount failed to deny or defend the striking similarity that both leading characters had failed reincarnation memory while <u>TRP's Evan did not.</u>

m) Paramount failed to deny or defend that the 24 main events found in TRP are not found in *Infinite,* thus, *TRP* was simply used as a misdirection.

n) Paramount failed to deny or defend that the characters interdynamics and sequence are striking similar.

o) Paramount failed to deny or defend that in Infinite only 5 characters had interdynamics (<u>although 500 members are alleged they are not seen even as computer graphic imaging).</u>

p) Paramount failed to deny or defend that the main characters were concerned with their muscle memory to be able to fight in the current reincarnation (not found in TRP); also not "indispensable" [when comes to *scene a faire* doct].

q) Paramount failed to deny or defend that both villains had the same sequence; and genocidal character.

r) Paramount failed to deny or defend <u>a single word of the comparison analysis</u> attached to the Complaint as Exhibit-12.

s) Paramount failed to deny or defend the similarities that the second location for reawakening employed water as an aid device.

t) Paramount failed to deny or defend <u>that the even unprotected elements, due to their selection and arrangement and sequence became *indisputably* protectable.</u>

v) Paramount failed to deny or defend that Infinite characters are copies (lacking foundations); that is why the movie had terrible reviews and was criticized. There is more, but it is enough for now.

## CONCLUSION

Please Let me know if:

If Parties mutually agree to refile and abide by F.R.C.P. Rule 4(e)(3) and Court Order-ECF-15 as described in OPTION-1.

If Parties mutually disagree on the motion to strike ECF-16 for Defendant's failure to abide by F.R.C.P. Rule 4(e)(3) and to Court Order-ECF-15 as described in OPTION-2.

If Parties mutually disagree to file an Application for Entry of Default for the various statutes previous mentioned as well as the reasons delineated in OPTION-2.

Finally, and again, I would like to avoid a lengthy trial and my original two offers for a settlement protected under F.R.E. Rule 408 remain opened.

Your prompt reply on this conferral is appreciated, so I could start working on them through this weekend.

Sincerely,

*Bayardo R. Sandy, Plaintiff Pro-Se*

Redstone, CO  10/18/2024