# EXHIBIT-01

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAYARDO RENO SANDY,<br><br>*Plaintiff,*<br><br>*vs.*<br><br>PARAMOUNT PICTURES CORPORATION,<br><br>*Defendant* | Case No.: 2:24-cv-04403-RKG-RAOx<br><br>**DECLARATION OF BAYARDO RENO SANDY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS FOR VIOLATIONS OF COURT ORDER ECF.NO 15; Fed.R.Civ.P. 4(e)(3), and Fed.R.Civ.P. 12(f)**<br><br>Hearing Date: November 25, 2024<br>Hearing Time: 9:00 A.M.<br>Location: Courtroom 850<br>Judge: Hon. R. Gary Klausner<br><br>*Oral Argument Not Requested* |

 I, Bayardo R. Sandy, pursuant to 28 U.S.C. § 1746, declare as follows:

 1. I am a plaintiff in this action, and I am a *pro se* litigant. Since the Great Recession in 2008, I have been an autodidact in civil procedure from county courts in Nevada and Colorado all the way to the U.S. Supreme Court for not being able to afford counsel. My learning has been "a trial by fire" because a mistake may cost my entire case. I am not deterred in seeking justice because I learned the difference between procedural justice and divine justice.

 2. The description of this difference, thanks to Paramount, is already

DECLARATION of BAYARDO R. SANDY in SUPPORT of his MOTION to STRIKE - Page - 1

herein on record as ECF.No. 16-5, line 27 Pg.ID #:774 through Pg.ID #:776. When, I once again pleaded with Paramount via written conferral (ECF.No. 16-5), to settle via an offer protected by F.R.E. 408 and forego this litigation.

3. The positive side of being a *pro se* litigant, I have been a *justiceiro*[1] for my friends since the Global Recession who cannot afford a representation. I never took any payment; I typed motions or briefs for them. Only one instance, appears on the record, it is the reversal of a Magistrate's *Recommendation* in Colorado Federal Court ECF.No. 31 when the plaintiff was mentally disabled by the Social Security Administration, and Hon. Magistrate could not understand her word-salad. I typed Nelson's *Objection*[2] and included my name as the author and disclosed that I am not a lawyer. ECF.No. 31 was reversed and Ms. Nelson was given another chance to refile her brief.

4. I apologize to the Court for failing to find representation. I have three years logged in an excel file, a list of all refusals from intellectual property lawyers from across the nation. Most of them demanded a $10,000.00 retainer to read *The Link, The Reincartionist Papers,* and watch the movie *Infinite* in order to give an opinion whether they would represent me. Because I had could not afford a $10,000.00 book report, I took upon studying several IP cases to prepare my Complaint.

---

1: The word *"justiceiro"* is wrongfully translated by Google as "punisher" because in Portuguese, which is also Plaintiff's native language, *justiceiro* means "a righteous person who seeks justice for himself, friends and the oppressed.
2: *Cynthia Nelson v. Baca Grande et al. Case 1:22-cv-02101-LTB-GPG U.S. Dist. Of Colorado;* I had to help her because I was dumbfounded that (an HOA) Baca Grande would coerced mentally disabled Nelson to sell her home to a friend of Baca Grande's attorney, and Baca Grande usurped the title closing to include fake billable attorney fees during her home sale.

DECLARATION of BAYARDO R. SANDY in SUPPORT of his MOTION to STRIKE - Page - 2

## Plaintiff Was Happy Surprised By The
## Only Court Order Directed At Him

5. After studying many cases regarding copyright infringement, I was happily surprised with the only Court Order directed at me, ECF.No. 7 issued on 05/31/2024.

6. The reason why it is because ECF.No. 7 is an order for parties to enter mediation via Alternative Dispute Resolution ("ADR"). After many cases, I discovered that such order instructing parties to enter an ADR, are usually issued a couple of months before a jury trial. However, in my Complaint, it was issued 3 days after I filed the Complaint, so such Order made me very happy because since 2021 I have contacted Paramount to avoid this lawsuit.

## Paramount's *Motion to Dismiss*
## is Axiomatically in Resistance Court's Notice in ECF.No. 7

7. Pursuant to the only Notice ECF.No. 7 also directed to me, via written conferral on 07/02/2024, I approached Esquire Grossman about my willingness and encouragement to start an ADR process; in fact, I sent to Esquire Grossman a copy of ECF.No. 7.

8. On 08/12/2024 I received a response from Esquire Grossman dismissing the ECF.No. 7 Notice; alluding that the "ADR" will be entered in the Scheduling Conference.

9. Although Esquire Grossman may be correct; however, I considered his disdain to consider the ADR Notice followed by his Motion to Dismiss axiomatically in defiance to the Court.

## October 21st 2024 Telephonic Conference

10. Grossman's unwillingness of considering the ADR Notice was made more obvious on 10/21/2024; via audio conversation Esquire Grossman accused

DECLARATION of BAYARDO R. SANDY in SUPPORT of his MOTION to STRIKE - *Page - 3*

me of being a fraudster by starting my copyright Complaint.

11. The word hypocrisy is germane because Esquire Grossman accused me of fraud while he insisted in a phone call to discourage me in filing this *motion to strike* bringing attention that he had no authority to defy a 60 days rule and again no authority to usurp from Order [ECF-15] that did not include new edits.

12. I asked Esquire Grossman what authority he had to violate the 60 days rule and usurp the Court Order, he replied as stated in my tandem *motion to strike*, that his authority came from the fact that the Clerk accepted his filings.

13. Further, Esquire Grossman to justify his misdeeds alleged that eventually I will also violate a court order in the same way that he did.

14. It is my educated guess that Esquire Grossman is well paid to deceive or influence, and his insistence on the phone call was part of that. Further, I think that his theory of authority is flawed for two reasons:

 a) The California Central District receives hundreds of submissions or thousands of pages every day so it is not under the purview of the Clerk to open the Court Order and scrutinize thousand of pages to validate if parties are obeying the Order when they submit any file.

 b) Clerks are not Article II Judges, in other words, Clerks are not appointed by the U.S. President and confirmed by the U.S. Senate, consequently Clerks' authority cannot trump the Judge's ruling and decide whether a motion has validity.

15. Esquire Grossman gave me several legal advices; the many times I would point out to him that it was another legal advice, he would deny that it was.

16. To substantiate that Esquire Grossman gave me legal advices, I conferred with him about my will to file an Entry of Default because of the plethora of undenied and undefended allegations (which undenied summary can be seen in Exhibit-03 on [page ID#-5] from ¶¶-a through ¶-v) he said that a Motion for Summary Judgment would be the best option, and although I am

grateful for the advice, is in conflict of interest because he counsels for the Defendant Paramount.

17. I stated during the phone call and here again for the record, that I do not have any animosity towards Esquire Grossman or Paramount. In fact, how I truly feel about Paramount as a capitalist corporation and how large conglomerates do not know how many people they are hurting, my *open heart testimonial* was already provided by Esquire Grossman to this Court as ECF.No. 16-5, Page ID #:768, Line 16 through Page ID #:774, Line 25.

18. I considered that I was stabbed in the back by Paramount because of Paramount's willful misdirection in purchasing copyrights from *The Reincartionist Papers ("TRP"),* when the elements taken from *TRP* are unprotected by Scènes à Faire Doctrine; see ECF.No. 16-5, Page ID #:773, Line 23 through Page ID #:774, Line 21.

19. I declared that Paramount did not bother to defend and denied the same *TRP* misdirection in its "two" *Motion to Dismiss.* Thanks to Esquire Grossman's advice on 10/21/2024 via an audio phone call, the undenied and undefended allegation on alleged Paramount's misdirection will be included in an Entry for Default to be filed in tandem with an answer to its *Motion to Dismiss.*

20. Finally, I declared that a reasonable jury would ascertain that Paramount's willful violations in ECF-No.16 are a result of hubris and wagering that the Court would be too busy to find out and that a Pro Se litigant whose English is his second language would be oblivious of his civil and procedural rights were being violated.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 29, 2024, in Redstone, CO.

By:   */s/ Bayardo Reno Sandy*

Bayardo Reno Sandy; *Pro Se Plaintiff*

DECLARATION of BAYARDO R. SANDY in SUPPORT of his MOTION to STRIKE - *Page - 5*