DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
ERIN SHIELDS (SBN 337121)
eshields@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
PARAMOUNT PICTURES CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAYARDO RENO SANDY,<br><br>            Plaintiff,<br><br>       v.<br><br>PARAMOUNT PICTURES<br>CORPORATION,<br><br>            Defendant. | Case No.: 2:24-cv-04403-RGK-RAOx<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS**<br><br>[*Filed concurrently: Declaration of David Grossman*]<br><br>Date:  December 2, 2024<br>Time: 9:00 a.m.<br>Courtroom: 850<br><br><br>Complaint Filed: May 28, 2024 |

# I.      INTRODUCTION

In this action, Plaintiff Bayardo Sandy ("Plaintiff") alleges that Defendant's film *Infinite* infringes the copyright in his novel, *The Link*.  Because Plaintiff has not sufficiently alleged any plausible theory of access, and because a comparison of the two works shows they are not substantially similar as a matter of law, on October 15, 2024, Defendant filed a motion to dismiss Plaintiff's complaint.  (*See* Dkt. 13).  After the motion was filed, the Court issued a notice and asked Defendant to comply with the Court's word limit and certification requirements (including with respect to single-spacing of a block quote), and Defendant was granted leave to file a corrected motion by October 17, 2024.  (*See* Dkt. 15).  Defendant deleted material from its brief to bring it into compliance and filed a corrected brief containing 5596 words on October 17, 2024.  (*See* Dkt. 16).

Plaintiff now seeks to have the Court strike Defendant's motion to dismiss. In support of this request, Plaintiff Sandy filed a brief, which itself was stricken for failure to comply with the Court's rules.  Plaintiff has not offered any authority nor justification for the Court to strike Defendant's motion to dismiss and his motion should be denied.

First, Federal Rule of Civil Procedure rule 12(f) authorizes the Court to strike any portion of a *pleading*; as a motion to dismiss is not a pleading, rule 12(f) provides no authority for striking Defendant's motion to dismiss.  Second, even if Plaintiff's motion to strike was procedurally proper, Plaintiff has not identified any "redundant, immaterial, impertinent, or scandalous matter" in Defendant's motion to dismiss which would justify striking.  Lastly, Defendant's corrected filing has not in any way prejudiced Plaintiff.  Defendant's corrected motion to dismiss contains *less* material to which Plaintiff must respond.

Notably, in order to mitigate any possible prejudice to Plaintiff, Defendant's counsel offered Plaintiff an extension to his deadline to file an opposition; Plaintiff declined.  (Declaration of David Grossman ("Grossman Decl.") ¶¶ 2-3; Motion to

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

240169744
202830-10079

1

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE

Strike Ex. 4 (Dkt. 20-4)).  Then, after Plaintiff failed to timely file his opposition, the Court continued the hearing on Defendant's motion to dismiss, thereby resulting in an additional two weeks for Plaintiff to oppose the motion to dismiss.  (*See* Dkt. 21).  Accordingly, there is no legal basis for Plaintiff's request, and Plaintiff has had more than ample time to address the arguments presented in Defendant's motion to dismiss.  Plaintiff's opposition brief failed to address, at all, the primary issue raised in Defendant's motion to dismiss – that Plaintiff has failed to plausibly allege any theory of access to his unpublished work.  Sandy's complaint is meritless, his opposition to the motion to dismiss concedes that he has no coherent theory of access, and his complaint should be dismissed.

Thus, Defendant respectfully requests that the Court deny Plaintiff's motion to strike and grant the pending motion to dismiss.

## II. ARGUMENT

### A. Rule 12(f) Provides No Authority For the Court To Strike A Motion

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added).  "Under the express language of the rule, only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Because a motion is not a pleading, courts will deny a motion to strike a motion to dismiss.  *See, e.g.*, *Barefield v. HSBC Mortage Servs.*, No. 1:21-cv-0613 JLT CDB, 2023 U.S. Dist. LEXIS 43645, at *26 (E.D. Cal. Mar. 15, 2023)  ("Pursuant to the Federal Rules of Civil Procedure, 'pleadings' include: '(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.' … Thus, motions are not identified as pleadings

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

240169744
202830-10079

2

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE

under Rule 7.  It naturally follows that '[a] motion to dismiss is not a pleading.'")
(citations omitted).

For example, in *Shove v. Ayers*, No. C 08-2946 RMW (PR), 2009 U.S. Dist.
LEXIS 50974, at *11-12 (N.D. Cal. June 3, 2009), plaintiff moved to strike
defendant's motion to dismiss, claiming that "defendants' motion is scandalous and
that declarations filed in support of the motion are fraudulent because plaintiff has
not received any response to his grievances."  However, the court held that because
"[n]either a motion to dismiss nor evidence submitted in support of it constitutes a
'pleading'", Rule 12(f) provided no basis for plaintiff's motion to strike, and so the
court denied the motion to strike.  *Id.*; *Dadon v. Stabile*, No. CV 19-107-JFW
(AGR), 2019 U.S. Dist. LEXIS 121910, at *8-9 (C.D. Cal. June 17, 2019) (denying
plaintiff's motion to strike defendant's motion to dismiss, brought on the ground
that defendant's motion to dismiss was filed after entry of default, because "a
motion may not be stricken under Rule 12(f)."); *Veincentotzs v. BNC Mortg. Inc.*,
No. CV 11-06281 DMG (JCGx), 2012 U.S. Dist. LEXIS 200038, at *8 (C.D. Cal.
Jan. 3, 2012) ("A motion to strike is limited to pleadings, … and a motion to dismiss
is not a pleading.") (citation omitted).

Plaintiff alternatively cites FRCP 41(b) as authority for the Court to strike
Defendant's motion to dismiss.  Federal Rule of Civil Procedure 41(b) merely
allows a defendant to move to dismiss an action or claim "[i]f the plaintiff fails to
prosecute or to comply with these rules or a court order."  Similarly, *Link v. Wabash
R. Co.*, 370 U.S. 626, 629-33 (1962) affirmed the trial court's right to dismiss an
action for failure to prosecute.

There is no legal basis for Plaintiff's request, and the Court should deny his
legally and procedurally improper motion.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

240169744
202830-10079

3

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE

## B. Defendant's Motion to Dismiss Contains No Redundant, Immaterial, Impertinent, or Scandalous Matter

Even if Plaintiff could challenge Defendant's motion to dismiss by way of a motion to strike, Defendant's motion to dismiss does not contain any "redundant, immaterial, impertinent, or scandalous matter." FRCP 12(f).[1] As Plaintiff concedes, motions to strike are disfavored, and "[a] motion to strike should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc*., 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

Rather than arguing that Defendant's *corrected* motion to dismiss contains any improper matter, Plaintiff takes issue with Defendant's deletion of the following footnote from page 20 of its initially-filed brief:

> Plaintiff argues that similarities between the cover art for the *The Link* and *Infinite* should be taken as proof of substantial similarity. Compl. ¶¶47-59. The cover of *The Link* shows the author standing between an Egyptian pyramid and the Twin Towers. *Id.* ¶55. *Infinite*'s cover art depicts the character of Evan between a mountain peak (the location of the Hub) and an entirely different New York cityscape (where Evan lives). Even if the cover art of both works was relevant to a substantial similarity analysis – it is not – *Infinite's* cover art is not "substantially similar" to *The Link*, as it does not depict a pyramid or the Twin Towers.

---

[1] "'Immaterial' means 'that which has no essential or important relationship to the claim for relief or the defenses being plead.' … 'Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.' 'Redundant' refers to 'allegations that constitute a needless repetition of other averments or which are foreign to the issue to be denied.' … Scandalous matters 'are allegations that unnecessarily reflect on the moral character of an individual or state anything in repulsive language that detracts from the dignity of the court, and include allegations that cast a cruelly derogatory light on a party or other person.'" *Pub. Storage v. Charles D. Burrus Family Tr.*, No. 8:23-cv-01190-FWS-DFM, 2024 U.S. Dist. LEXIS 132772, at *4-5 (C.D. Cal. June 7, 2024) (citations omitted).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

240169744
202830-10079

4

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE

(Dkt. 13 at 20).  Plaintiff argues that this characterization of the cover art of the two works is fraudulent.

Defendant stands by each and every argument in its initially-filed motion to dismiss.  Plaintiff's cover art depicts the Twin Towers, as they are commonly referred to; whether or not the building on the DVD cover of *Infinite* is the World Trade Center, built in place of the Twin Towers after 9/11, the building is, irrefutably, not the Twin Towers depicted on the cover of Plaintiff's work.  And whether or not Plaintiff feels that the "rocky formation" where the Hub (the Believers' headquarters) is located in *Infinite* "is closer to oblong shaped," the mountain on *Infinite's* cover is in fact a mountain and not a pyramid, and is meant to recall the location of the Hub.  (Motion to Strike (Dkt. 20) at ¶ 24).

Lastly, Plaintiff suggests that the Court should strike Defendant's motion to dismiss in this case because a plaintiff in another case against Defendant filed a motion to strike involving discovery misconduct.  In that unrelated matter (*Yonay v. Paramount Pictures Corp.*), the court did not grant, or even consider, the plaintiff's motion to strike.  Instead, the court in that case granted Paramount's motion for summary judgment and, not needing to consider the evidence plaintiff sought to strike, denied plaintiff's motion as moot.  *See Yonay v. Paramount Pictures Corp.*, No. CV 22-3846 PA (GJSx), 2024 U.S. Dist. LEXIS 63464, at *1 n.1 (C.D. Cal. Apr. 5, 2024).  Defendant's conduct in an unrelated action is irrelevant to the court's analysis in this one, and regardless, no court found that the plaintiff's allegations in *Yonay* had any merit.

## III.   CONCLUSION

For the foregoing reasons, Defendant requests that the Court deny Plaintiff's motion to strike.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

240169744
202830-10079

5

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE

1

Dated:  November 7, 2024

2

LOEB & LOEB LLP
DAVID GROSSMAN
ERIN SHIELDS

3

4

By:    _/s/ David Grossman_
David Grossman
Attorneys for Defendant
PARAMOUNT PICTURES
CORPORATION

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

240169744
202830-10079

6

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Paramount Pictures Corporation, certifies that this brief contains 1608 words, which complies with Local Rule 11-6.1 and this Court's Standing Order dated May 2023.


Dated:  November 7, 2024                    LOEB & LOEB LLP


                                   By:    */s/ David Grossman*
                                        David Grossman
                                        Attorneys for Defendant
                                        PARAMOUNT PICTURES
                                        CORPORATION

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

240169744
202830-10079

7

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE