LOEB & LOEB LLP
DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
ERIN SHIELDS (SBN CA 337121)
eshields@loeb.com
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
PARAMOUNT PICTURES CORPORATION

BAYARDO RENO SANDY
*Plaintiff, Pro Se*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAYARDO RENO SANDY,<br><br>    Plaintiff,<br><br>    v.<br><br>PARAMOUNT PICTURES CORPORATION,<br><br>    Defendant. | Case No. 2:24-cv-04403-RGK-RAOx<br><br>**PARTIES' JOINT RULE 26(F) REPORT**<br><br>Date:   November 25, 2024<br>Time:   9:00 a.m.<br>Courtroom:   850<br><br>Date Action<br>Filed:   May 28, 2024 |

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

240257182.1
202830-10079

PARTIES' JOINT RULE 26(F) REPORT
2:24-CV-04403-RGK-RAOX

# PARTIES' JOINT RULE 26 REPORT

The parties Plaintiff Bayardo Sandy ("Sandy" or "Plaintiff") and Defendant Paramount Pictures Corporation ("Paramount" or "Defendant") held their Rule 26(f) discovery conference on November 7, 2024, and hereby submit their Joint Status Report.

## I. Statement of the Case

<u>Plaintiff's position</u>: Plaintiff alleges that Infinite infringed his novel—*The Link*. Plaintiff alleges that Paramount extracted religious tones, spiritual controversies to avoid its global subscribers' religious boycott. Plaintiff alleges the attribution to *The Reincarnationist Papers* ("*TRP*"), was a premeditated misdirection because the elements and theme in *TRP* are not protected under Scène à Faire Doctrine. Plaintiff's creative selection and arrangement of unprotected elements are in striking similarity in both works, including art-cover, supporting female character name, and the reincarnation 1750AD, which both works could not have arrive independently.

<u>Defendant's position</u>: Defendant denies that its work, *Infinite*, infringes Plaintiff's copyright in *The Link*. Rather, *Infinite* was based on *The Reincarnationist Papers*, a separate novel about a group of people who remember their past lives. Defendant has never accessed Plaintiff's work, and the works are not substantially similar. Both works share the unprotectible premise of a protagonist beginning to recall his past lives, but are otherwise dissimilar in all aspects of protectable expression.

## II. Basis of Jurisdiction and Venue

This Court has jurisdiction over causes of action alleging copyright infringement under Sections 501, *et seq.* of the Copyright Act. The Court also has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because the federal courts are vested with exclusive jurisdiction in copyright cases. 28 U.S.C. § 1338(a). This Court has personal jurisdiction over Defendant because Defendant is

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional Corporations

240257182.1
202830-10079

- 2 -

PARTIES' JOINT RULE 26(F) REPORT
2:24-CV-04403-RGK-RAOX

present and doing business in this District and the acts of copyright infringement as alleged in Plaintiff's Complaint took place in this District. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a). Defendant does not challenge this Court's subject matter jurisdiction over the Complaint; that this Court has personal jurisdiction over Defendant; and that venue in this District is proper.

### III. Whether this Case Is Complex

The parties agree that this action does not require utilization of any of the procedures of the Manual for Complex Litigation.

### IV. Settlement

The parties have discussed the possibility of settlement, but at this time they are unable to advise as to the likelihood of settlement.

Plaintiff has requested that the parties appear before a magistrate judge for settlement proceedings. Defendant is open to being referred to a magistrate judge for settlement proceedings, but is cognizant of the Court's guidelines and if a magistrate judge is not appointed to hold a settlement conference in his matter, Defendant otherwise prefers private mediation.

The parties propose a mediation cut-off date of September 19, 2025.

### V. Proposed Discovery Plan

#### (a) Initial Disclosures

The parties stipulate to exchange the initial disclosures as required by Rule 26(a) on or before December 5, 2024. The disclosures shall contain the information identified in Rule 26(a)(1) and shall be supplemented as required by Rule 26(e)(1).

#### (b) Changes in Limitations *re* Discovery

While reserving all rights, the parties do not currently request any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Central District Local Rules. Neither party believes that discovery needs to be conducted in phases or limited to or focused on particular issues. The parties agree

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

240257182.1
202830-10079

- 3 -

PARTIES' JOINT RULE 26(F) REPORT
2:24-CV-04403-RGK-RAOX

to cooperate in the preparation and submission of a proposed Stipulated Protective Order limiting the use and disclosure of confidential information.

    **(c)**    **Anticipated Discovery**

The parties have discussed the subjects on which they presently anticipate discovery will be needed and those subjects include:

1. Defendant's alleged access to Plaintiff's work, including Plaintiff's claim to have given a copy of his work to Defendant's staff and sales and distribution of Plaintiff's work.
2. Plaintiff's damages.

Should the Court decline to dismiss Plaintiff's Complaint, Defendant anticipates serving sets of written discovery directed to Plaintiff, and taking the deposition of Plaintiff and any relevant witnesses identified in Plaintiff's initial disclosures. Plaintiff anticipates the deposition of key people in the production of *Infinite,* also including Mr. Ian Shorr, Mr. Todd Stein, and Mr. John Zaozirny. Plaintiff anticipates financial numbers related to licensing to domestic and global platforms, numbers of DVD, BluRay and digital copies sold domestically and globally. Plaintiff also anticipates all versions of the screenplays to the final production, and call sheets of all the days of the production of *Infinite.*

The parties further agree that this paragraph is without prejudice to or limitation of either party's ability to take relevant and appropriate discovery as well as either party's ability to oppose any requested discovery, and all parties reserve all rights with respect thereto.

    **(d)**    **Fact and Expert Discovery Deadlines**

The parties propose the following discovery deadlines:

- Fact discovery cutoff of July 16, 2025;
- Initial expert disclosures by August 6, 2025;
- Rebuttal expert disclosures by August 27, 2025; and
- Expert discovery cutoff of September 17, 2025.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

240257182.1
202830-10079

- 4 -

PARTIES' JOINT RULE 26(F) REPORT
2:24-CV-04403-RGK-RAOX

## VI. Anticipated Dispositive Motions and Motion Schedule

Defendant has a motion to dismiss pending. Should the Court grant Defendant's motion and grant Plaintiff leave to amend, Defendant will likely file additional motion(s) to dismiss. Should the Court deny Defendant's motion to dismiss, the parties anticipate filing cross-motions for summary judgment or partial summary judgment.

Aside from the discovery deadlines set forth above, the parties propose the following schedule:

- Mediation cut-off date: September 19, 2025;
- Last day to file dispositive motions: September 22, 2025;
- Final pretrial conference: November 3, 2025;
- Trial: November 18, 2025.

## VII. Trial Estimate

Plaintiff has requested a jury trial on all issues triable to a jury. The parties preliminarily estimate a 5 court-day trial.

## VIII. The Likelihood of the Appearance of Additional Parties

The parties do not anticipate the appearance of additional parties.

ACCEPTED AND AGREED TO:

Dated: November 8, 2024        BAYARDO SANDY

By: /s/ Bayardo Sandy
Plaintiff Bayardo Reno Sandy, *Pro Se*

Dated: November 8, 2024        LOEB & LOEB LLP

By: /s/ David Grossman
David Grossman
Erin A. Shields

Attorneys for Defendant
PARAMOUNT PICTURES CORPORATION

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

240257182.1
202830-10079

- 5 -

PARTIES' JOINT RULE 26(F) REPORT
2:24-CV-04403-RGK-RAOX