# EXHIBIT-02

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BAYARDO RENO SANDY,

   *Plaintiff*,

vs.

PARAMOUNT PICTURES CORPORATION,

   *Defendant*

Case No: 2:24-cv-04403-RKG-RAOx

**DECLARATION OF BAYARDO RENO SANDY IN SUPPORT OF PLAINTIFF'S REPLY TO MOTION TO STRIKE**

Hearing Date: December 2nd, 2024

Hearing Time: 9:00 A.M.

Location: Courtroom 850

Judge: Hon. R. Gary Klausner

   I, Bayardo R. Sandy, pursuant to 28 U.S.C. § 1746, declare as follows:

   1. I am a plaintiff in this action, and I am a *pro se* litigant.

   2. The purpose of this *Declaration* is to report the unchivalrous and conniving experience that I have been experiencing via conference with Paramount Pictures' Esquires. This declaration will have two sections.

### The Motions to Dismiss and Strike Conferral Chapter

   3. Since the Great Recession in 2008, in which I started advocating for my civil rights and was not able to hire a lawyer; I never had a positive experience conferring with lawyers via phone. In my experience, most of the time, lawyers want to use the conferences as a deposition. For instance, Paramount already used my detailed email conferral [ECF.No. 16-5] as a deposition with its *Motion to Dismiss*, when it was sufficient to just state to the Court that "parties conferred."

4. I am always courteous; even in my pleadings and motions, I always capitalize the words: Defendant, Plaintiff and Court out of respect for the civil process.

5. Due to my previous experience, I knew that everything could be conferred in writing and there was no need to be over the phone. I wanted to avoid an audio conference because I knew that invariably Esquire Grossman was going to lie about what happened during the phone conferral, and in Paramount's *Objection* [ECF.No. 22], he did.

6. I do not underestimate Esquire Grossman, I felt that his insistence in a phone conversation was to influence me and *"to read"* or assess me.

7. Reluctantly, I agreed to Esquire Grossman insistence on a phone call for two reasons: a) perhaps he had a settlement offer and he did not want to leave a record of it in writing; and b) he was going to use my preference in written conferrals as unwilling to confer over the phone and try to dismiss this case.

8. I was prescient that he was going to lie on aspects of the phone call, and he did. The first red-flag was in his insistence of the call not being recorded.

9. Because this is a federal case with diversity jurisdiction, while in California, Esquire Grossman is protected by the laws in California, I am protected by the laws in Colorado.

10. Prescient of Esquire Grossman future lies, I recorded the phone call on 10/21/2024. The recording was lawful under two federal and state statutes: federal under 18 U.S.C. § 2511(2)(d) and Colorado Revised Statutes § 18-9-303, because Colorado is a one-party consent to record state, and I consented.

11. Should the Court require the audio recording for either validation of Esquire Grossman false statements to the Court on the record or for disciplinary actions, I will lodge the digital audio file with the Clerk once ordered.

12. I was dumbfounded that Esquire Grossman admitted in his *Declaration* that he provide me at least three legal advice.

DECLARATION of BAYARDO R. SANDY in SUPPORT of his MOTION to STRIKE - *Page - 2*

13. I was also shocked that Esquire Grossman was able to set up a trap for me when I assumed that the dates to respond to a motion in California were the same as in Colorado (thus, C.R.C.P 12(a)(1) provides 21 days to respond to pleadings or motions).

14. <u>It would be absolutely counterintuitive for me to sabotage my own litigation after a constructive advice</u> (which never happened), instead, Esquire Grossman validated my (21-days) mistake; thus exploiting it to his and his client's benefit.

15. It is terrifying for me to see Esquire Grossman the least concerned about making false statements to the Court; the second telephone conferral was just as bad.

## The Rule 26 Report Conferral Chapter

16. Thanks to Esquire Grossman misleading me, thus confirming my mistaken assumption to be correct. I diligently filed my *Objection* [ECF.No. 22] still thinking that I had filed three days ahead of the deadline, on 11/04/2024. Furthermore, the Court could take notice that I had to travel from Redstone, Colorado to Nathrop, Colorado to start a new work assignment, thus delaying an earlier filing.

17. As mutually agreed by Esquire Grossman and I that I had 21 days to answer, and after my *Answer,* we were going to work together on the Rule-26 Report, I initiated the conferral in writing about Rule-26 Report on 05/11/2024 in writing. I also provided a copy of the files I filed the day before on 11/04/2024.

18. Because of my Scottish family name—Sandy; Guy Fawkes Day on November 5th has a kindred meaning to me. As such, I utilized Guy Fawkes Day poem to break the ice with Esquire Grossman. *(see Exhibit-03)*.

19. Esquire Grossman replied on the same day; however, due to work and an old phone, I do not receive his email until next day. *(see Exhibit-04)*.

DECLARATION of BAYARDO R. SANDY in SUPPORT of his MOTION to STRIKE - *Page - 3*

20. Next day, 11/06/2024, I included relevant issues to Rule-26 and I made myself available via my phone <u>available for calling that afternoon and next morning.</u> *(see Exhibit-05).* On 11/06/2024, I also left Esquire Grossman two voice messages.

21. At the end of the day of 11/06/2024, 10:35 P.M. (Pacific), I forwarded another rough estimate of *Infinite's* audience because Paramount has been licensing *Infinite* to other domestic and global streaming platforms since 2021; there is <u>a potential of a half of billion pair of eyes who have watched *Infinite* by now</u> *(see Exhibit-06).*

22. On 11/07/2024 it became clear to me what unchivalrous and again conniving situation that Esquire Grossman was crafting. On his 11/07/2024-Email *(Exhibit-07)* he was creating a false narrative that I was refusing a phone call and to confer with him to file a *Report* (and eventually ask the Court to dismiss my lawsuit for failure to comply) even when the day before I made myself available on stand by waiting for his phone call in the afternoon of 11/06/2024 and next morning *(see Exhibit-05);* by the time I received his email *(Exhibit-07)* I had sent to him three emails and left two voice messages in the last two days.

23. Due to Esquire Grossman purposefully creating a chain of emails to give a false narrative to the Court, I send an email to Esquire Grossman called *"Conferral on the Second Motion to Strike due to deliberate lies on Conferral Report under Rule 26," (see Exhibit-08).*

24. My goal with the email *(Exhibit-08)* was actually quiet opposite; thus, to make sure that he called me and it worked, he called me at 10:29 AM or 29 minutes after sending the *(Exhibit-08)* email.

25. During the 11/07/2024 phone call, Esquire Grossman started to ask questions for me to admit or deny. I refused to admit or deny his questions and I told him that the phone call was to discuss the Rule 26 Report and not to take a deposition or to depose me; in fact, I said that only after discovery having all call

DECLARATION of BAYARDO R. SANDY in SUPPORT of his MOTION to STRIKE - Page - 4

sheets for the production of *Infinite,* could I address his question.

26. Esquire Grossman also said that he did not appreciate my tone in my recent email *(Exhibit-08)* and I replied that I never used an obscenity and I never wrote anything untruthful.  I am fully aware that all communications will eventually end up on the record.  During conferences, I have always addressed Esquire Grossman with respect, either as Esquire Grossman or Mister Grossman; he has not reciprocated my respect in kind; thus by calling me Sandy or Bayardo. I do not have a fragile ego, and I am not offended by his lack of reciprocal respect; but in the Middle Ages there was a reason why some were called knights and other esquires.

27. Without having to send a *Motion* to the Court, and Esquire Grossman is reading this *Declaration;*  I request to the Court and Esquire Grossman that all future audio conferences be audio recorded or alternatively that all conferral have a written record as emails, because so far, Esquire Grossman was able to disarm my guard on 10/21/2024, leading me to file ECF.No. 22 after the deadline, and recently Esquire Grossman was creating a false narrative with the missed phone calls as a pretense to file the Rule-26 Report without my participation.

28. In addition to the nine statutory violations listed in ECF.No. 20 Page ID #:842, I respectfully request the Court that Esquire Grossman's skulduggery (documented from Exhibit-03 through 08 and legally recorded phone calls) in light of the purportedly civil conference for Rule-26 Report be considered another documented circumstance that Paramount violated Plaintiff's procedural civil rights.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 10, 2024, in Nathrop, CO.

By:   */s/ Bayardo Reno Sandy*

Bayardo Reno Sandy; *Pro Se Plaintiff*