UNITED STATES DISTRICT COURT    JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04403-RGK-RAO | Date | December 13, 2024 |
|---|---|---|---|
| Title | *Bayardo Reno Sandy v. Paramount Pictures Corporation* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss and Plaintiff's Motion to Strike [DEs 16, 20]

## I.  INTRODUCTION

On May 28, 2024, Bayardo Reno Sandy ("Plaintiff"), representing himself *pro se*, filed a Complaint against Paramount Pictures Corporation ("Defendant") asserting claims for copyright infringement, declaratory relief, and injunctive relief. (ECF No. 1.) On October 15, 2024, Defendant filed a Motion to Dismiss. (ECF No. 13.) However, due to procedural defects, on October 16, 2024, the Court struck the Motion. (ECF No. 15.) Defendant subsequently refiled its Motion on October 17, 2024. (ECF No. 16.) Plaintiff, however, took issue with the substance and timing of Defendant's refiled Motion, subsequently filing a Motion to Strike. (ECF No. 20.)

Presently before the Court are Defendant's Motion to Dismiss and Plaintiff's Motion to Strike. For the following reasons, the Court **GRANTS** Defendants' Motion [13] and **DENIES** Plaintiff's Motion [20].

## II.  FACTUAL BACKGROUND

Plaintiff alleges the following in his Complaint:

In 2002, Plaintiff wrote *The Link: The Third Millennium* ("*The Link*"), a historical science fiction novel about a protagonist with the ability to recall memories from his past lives who battles a villain with the same ability bent on world domination. Between 2002 and 2008, Plaintiff obtained multiple copyright registrations on the novel's various editions.

Plaintiff sold his novel through the now-defunct bookstore, Borders, as well as online through Amazon. To further promote his book, Plaintiff gave free copies to producers, writers, and directors that he met on film sets. In 2011, Plaintiff gave copies to staff on the set of *Cirque Du Soleil: Worlds Away 3D*, a film that was distributed by Defendant.

UNITED STATES DISTRICT COURT  JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04403-RGK-RAO | Date | December 13, 2024 |
|---|---|---|---|
| Title | *Bayardo Reno Sandy v. Paramount Pictures Corporation* | | |

In 2021, Defendant released *Infinite*, a film about a protagonist with a similar ability to recall memories from his past lives who also battles a villain with the same ability. According to promotional materials, the film was based off *The Reincarnationist Papers* ("*TRP*"), a 2009 novel with the same premise. However, *TRP*, and by extension, *Infinite*, stole numerous concepts, characters, and details from *The Link*. For instance, in both *Infinite* and *The Link*, the protagonist is male, unmarried, childless, adopted, has two professions, and is initially unable to recall his past lives.

*Infinite*'s Blu-Ray cover also shares similarities with artwork from *The Link*, as both depict a man in the middle, a skyscraper on one side, and a pyramid-shape on the other, as shown below:



| *The Link* | *Infinite* |

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint in its entirety. Plaintiff opposes, as well as moves to strike Defendant's Motion. The Court first addresses Plaintiff's Motion to Strike.

**A.   Plaintiff's Motion to Strike**

Under Federal Rule of Civil Procedure ("Rule") 12(f), a court has discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.

UNITED STATES DISTRICT COURT                                         JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04403-RGK-RAO | Date | December 13, 2024 |
|---|---|---|---|
| Title | *Bayardo Reno Sandy v. Paramount Pictures Corporation* | | |

R. Civ. P. 12(f). In evaluating a motion to strike, a court must "view the pleading under attack in the light most favorable to the pleader." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005). Motions to strike are disfavored, *see Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003), and "are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

Plaintiff moves to strike Defendant's Motion to Dismiss, arguing that the Motion is procedurally improper and contains false statements. As a threshold matter, Plaintiff offers no authority to strike the Motion on these grounds. Plaintiff relies on Rule 12(f), but Rule 12(f) refers to the authority to strike pleadings, not motions. On this ground alone the Court may deny Plaintiff's Motion. However, even if there were authority to strike, Plaintiff's Motion would still fail.

First, Defendant's Motion is procedurally proper. As noted above, Defendant originally filed its Motion on October 15, 2024, but on October 16, the Court struck the Motion because of improper single spacing and lack of a word count certification, and allowed Defendant to refile on October 17. Consistent with the Court's order, Defendant refiled the Motion with the single spacing removed and a word count certification. However, the refiled Motion was slightly edited to meet the Court's 5,600-word limit. For instance, a footnote addressing a minor point about *The Link* and *Infinite*'s artwork was removed. Plaintiff argues that Defendant's refiling was improper, as Defendant did not have the Court's leave to edit the Motion, Defendant failed to meet and confer with Plaintiff about these edits, and Defendant's refiling occurred after its deadline to respond to the Complaint.

Each of Plaintiffs' arguments miss the mark. While the Court did not authorize Defendant to edit the Motion, it appears that these changes were made solely to reduce the word count, not to change the substance. Indeed, Defendant makes the same arguments from its original Motion, albeit more concisely. Because the Motion largely remained the same, no additional meet and confer was necessary. And because the Court gave Defendant explicit instructions to refile on October 17, which Defendant did, its refiled Motion was not untimely.

Second, Defendant did not make any material false statements in its Motion. Plaintiff takes issue with the now-deleted footnote from Defendant's original, now-stricken Motion to Dismiss, which states: "The cover of *The Link* shows the author standing between an Egyptian pyramid and the Twin Towers. *Infinite*'s cover art depicts the character of Evan between a mountain peak (the location of the Hub[1]) and an entirely different New York cityscape (where Evan lives)." (Def.'s First Mot. to Dismiss at 20 n.7.) Plaintiff argues that this statement is false because: (1) the artwork for *The Link* appears on the dust

---

[1] The Hub is a fictional location featured in *Infinite*.

UNITED STATES DISTRICT COURT   JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04403-RGK-RAO | Date | December 13, 2024 |
|---|---|---|---|
| Title | *Bayardo Reno Sandy v. Paramount Pictures Corporation* | | |

jacket, not the cover; (2) *The Link*'s artwork depicts the World Trade Center, not the Twin Towers; and (3) the mountain in *Infinite*'s artwork differs from the mountains where the Hub is shown in the film.

Plaintiff's arguments are flawed. This purportedly false statement appears only in Defendant's original Motion to Dismiss, which has already been stricken. It does not appear in Defendant's refiled Motion to Dismiss. Even assuming arguendo that the statement is materially false, which the Court highly doubts,[2] Plaintiff's argument is moot because the only filing the statement appears in has already been stricken.

Having found Plaintiff's arguments unconvincing, the Court **DENIES** Plaintiff's Motion to Strike. The Court proceeds to analyze Defendant's Motion to Dismiss.

**B.   Defendant's Motion to Dismiss**

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id*. A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Plaintiff asserts a claim for copyright infringement, as well as two related claims for declaratory and injunctive relief. To plead copyright infringement, a plaintiff must plausibly allege: (1) that he owns a valid copyright in a work; and (2) that the defendant copied protected aspects of the work. *Rentmeester*

---

[2] It is a stretch to say that any aspect of Defendant's statement is false. For instance, it is common knowledge that the Twin Towers were the iconic skyscrapers located in the World Trade Center Plaza. Defendant's use of the phrase "Twin Towers" over Plaintiff's preferred "World Trade Center Plaza" can hardly be considered a false statement. Moreover, Plaintiff provides no explanation for how this minor distinction is material in that it could sway the Court's decision.

UNITED STATES DISTRICT COURT                                           JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04403-RGK-RAO | Date | December 13, 2024 |
|---|---|---|---|
| Title | *Bayardo Reno Sandy v. Paramount Pictures Corporation* | | |

*v. Nike, Inc.*, 883 F.3d 1111, 1116–17 (9th Cir. 2018), *overruled on other grounds by Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051, 1069 (9th Cir. 2020).

Plaintiff alleges that Defendant copied concepts, characters, and details from *The Link* to use in *Infinite*. Defendant argues that Plaintiff's claim fails because he does not plausibly allege that Defendant copied *The Link*. The Court agrees with Defendant.

To show copying, the plaintiff must plead facts showing that the plaintiff's and defendant's works are "substantially similar and that [the defendant] had access to the [plaintiff's work]." *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 952 (9th Cir. 2019). Access may be demonstrated either by: "(1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated." *Art Attacks Ink, LLC v. MGA Enter., Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009). Alternatively, if the plaintiff's and defendant's works are "strikingly similar," access may be directly inferred. *Malibu Textiles*, 922 F.3d at 952.

Here, Plaintiff fails to plausibly allege that Defendant had access to *The Link*. First, Plaintiff does not provide sufficient allegations to establish direct access. While Plaintiff alleges that he gave a copy of *The Link* to production staff on *Cirque Du Soleil: Worlds Away 3D*, a film that was distributed by Defendant, he does not identify who he gave the copies to or explain how those copies made their way to anyone who worked on or had creative input on *Infinite*. Courts routinely reject theories of access based on similar, threadbare allegations. *See, e.g., Washington v. ViacomCBS, Inc.*, 2021 WL 2640105, at *2 (C.D. Cal. May 21, 2021) (finding allegations that a plaintiff had sent her screenplay to producers seemingly unconnected to the allegedly infringing television show insufficient to establish access).

Second, Plaintiff does not provide sufficient allegations to establish wide dissemination. Plaintiff alleges that *The Link* was previously sold at Borders and is currently sold on Amazon. However, Plaintiff does not provide any sales figures. Though there is no brightline rule regarding the number of sales necessary to establish wide dissemination, the Ninth Circuit has found that as many as 2,000 sales per year is insufficient. *Art Attacks Ink*, 581 F.3d at 1144. And it is doubtful that *The Link* achieved sales of that scale.

Finally, Plaintiff does not establish that the works are "strikingly similar" such that access may be directly inferred. While Plaintiff lists countless alleged similarities, it appears that most, if not all, are so general as to not qualify as protectable expression. For instance, Plaintiff alleges that *The Link* and *Infinite* both feature a protagonist that is male, unmarried, childless, adopted, has two professions, and is initially unable to recall his past lives. These traits are not "especially distinctive" and are more akin to that of "a stock character," to which no copyright protection is afforded. *See DC Comics v. Towle*, 802 F.3d 1012, 1021 (9th Cir. 2015). In this manner, the similarities are not even "substantial," much less "striking." *See Malibu Textiles*, 922 F.3d at 952.

UNITED STATES DISTRICT COURT            JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04403-RGK-RAO | Date | December 13, 2024 |
|---|---|---|---|
| Title | *Bayardo Reno Sandy v. Paramount Pictures Corporation* | | |

Because Plaintiff fails to allege any facts showing that Defendant accessed *The Link*, his claim for copyright infringement fails. And because his claims for declaratory and injunctive relief rely on his copyright infringement claim, those claims also fail.

1. *Leave to Amend*

Plaintiff does not request leave to amend. However, because courts construe *pro se* filings "liberally" so as to "afford the [party] the benefit of any doubt," the Court considers whether amendment is proper nonetheless. Under Rule 15(a), courts "should freely give leave when justice so requires," and deny leave only when amendment would be futile, unduly prejudice the opposing party, cause undue delay, or if the moving party has acted in bad faith. Fed. R. Civ. P. 15(a)(2); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Generally, a *pro se* litigant is more entitled to the opportunity to amend, "[u]nless it is absolutely clear that no amendment can cure the defect." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Here, leave to amend would be futile. Plaintiff has failed to demonstrate direct access, wide dissemination, or striking similarities from which access may be inferred. It does not appear that any additional allegations could cure these defects. Indeed, Plaintiff barely addressed these defects in his Opposition, choosing instead to make personal attacks against Defendant and its counsel, and point out irrelevant distinctions in the caselaw.[3] Thus, leave to amend would be improper.

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** Plaintiff's claims **with prejudice**.

**IV.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES** Plaintiff's Motion to Strike. The Court accordingly **DISMISSES** Plaintiff's claims **with prejudice**.

**IT IS SO ORDERED.**

:
Initials of Preparer        JRE/sf

---

[3] Plaintiff spends much of his Opposition criticizing *Rentmeester* and various other binding Ninth Circuit cases, arguing that they are inapplicable because they did not involve novels. However, none of these cases suggest that different standards apply depending on the creative medium.