# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BAYARDO RENO SANDY,

Plaintiff,

vs.

PARAMOUNT PICTURES CORPORATION,

Defendant

**Case No.: 2:24-cv-04403-RGK-RAOx**

**NOTICE OF MOTION AND MOTION TO RECONSIDER ORDERS ECF-NO. 34 AND 35 AND ALTERNATIVELY GRANT A NEW TRIAL.**

**DEMAND FOR JURY TRIAL**
**CASE CLOSED ON 12/13/2024**

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on February 10, 2025, at 9:00 a.m., in Courtroom 850 of the above-captioned court, located at 255 East Temple Street, Los Angeles, CA 90012, Hon. Judge R. Gary Klausner presiding, Plaintiff hereby does move for Court to hear Plaintiff Bayardo Sandy's ("Plaintiff") Motion to Reconsider Orders 34 and 35 and Alternatively Grant Plaintiff a New Trial.

This motion is made on the grounds that the Court published a plethora of false statements and failed to be impartial and diligent in several instances listed *infra*.

Pursuant to Fed.R.Civ.P. 59(d) this motion is timely; which the Court may grant a new trial for reasons brought up or not brought up in the attached motion.

Also timely, pursuant to Fed.R.Civ.P. 60(a); due to omissions and oversight the

Court may also grant a new trial.

Also timely, pursuant to Fed.R.Civ.P. 60(b); due to mistakes, or any other reasons that justify correction or relief.

This motion is made following the conference of counsel pursuant to L.R. 7-3 for several days via email; starting on December 13 and concluding on December 23rd, 2024.

Dated: January 9th 2025 Bayardo Reno Sandy ("Plaintiff");

Respectfully submitted on 9th day of January, 2025.

*/s/ Bayardo Reno Sandy*

Plaintiff: Bayardo Reno Sandy Pro-Se

Physical: 609 Heatherbrae Road

Crestone, CO 81131

Mailing: P.O. Box 81922

Las Vegas, NV 89180

Phone (310) 929-0321

**Table of Contents**

NOTICE OF MOTION ................................................................................... i

MEMORANDUM OF POINTS AND AUTHORITIES ............................................1

AMID PROCEDURAL JUSTICE VERSUS DIVINE JUSTICE ..............................1

THE COURT SHOULD DISQUALIFY HIMSELF FROM THIS CASE................2

THE COURT'S LACK OF DILIGENCE .................................................................3

THE TWO PAGENTRIES ON THE RECORD FOR THE PUBLIC .......................3

THE FALSE STATEMENTS AND OTHER JUDICIAL ERRORS ARE: ...............4

First False Statement:.................................................................................4

Second False Statement: ............................................................................4

Third False Statement: ...............................................................................5

Fourth False Statement: .............................................................................5

Fifth False Statement: ................................................................................5

Sixth False Statement:................................................................................6

Seventh False Statement: ...........................................................................6

Eighth False Statement: .............................................................................7

Ninth False Statement: ...............................................................................7

Tenth False Statement: ...............................................................................8

Eleventh False Statement:..........................................................................9

Twelfth False Statement:............................................................................9

Thirteenth False Statement: .....................................................................10

Fourteenth False Statement:.....................................................................10

Fifteenth False Statement:........................................................................10

Sixteenth False Statement:.......................................................................11

Seventeenth False Statement: ..................................................................11

Eighteenth False Statement:.....................................................................11

Nineteenth False Statement: ....................................................................12

Twentieth False Statement: ......................................................................13

21st False Statement: ................................................................................13

22nd False Statement: ...............................................................................14

23rd False Statement: ................................................................14

24th False Statement: ................................................................15

25th False Statement: ................................................................15

26th False Statement: ................................................................15

27th False Statement: ................................................................16

28th False Statement: ................................................................16

29th False Statement: ................................................................17

30th False Statement: ................................................................17

31st False Statement: ................................................................17

OTHER WAYS COURT ADVOCATED FOR DEFENDANT PARAMOUNT .....18

CONCLUSION .............................................................................19

CERTIFICATE OF COMPLIANCE ...............................................20

Cases

*Brown v. Board of Education, 347 US 483 (1954)* ......................................8

*Gray v. Hudson 2:15-cv05642-CAS (JCx) [Doc.No. 299, Page-8]*............ 20, 21, 24

*Malibu Textiles, Inc. v. Label Lane Int'l, Inc., 922 F.3d 946 (9th Cir. 2019)*.... 21, 24

*Metcalf v. Bochco, 294 F.3d 1069 (9th Cir. 2002)* ..................................12

*Plessy v. Ferguson, 163 U.S. 537 (1896)* ..............................................8

Statutes

Fed.R.Civ.P 4(e)(3) ............................................................. 9, 15, 16, 18

Fed.R.Civ.P. 15(a)(1)(B) ...................................................................18

Fed.R.Civ.P. 15(a)(2)........................................................................18

The Fourteenth Amendment to the United States Constitution...............15


Other Authorities

Local Rule 7-3 ...................................................................................18

Order ECF-No.15................................................................................9, 15

Order ECF-No.9..................................................................................16

## DOCUMENT SELECTION MENU

| Exhibit No. | Description | | |
|:---:|:---|:---:|:---:|
| 01 | *Plaintiff's Declaration Amid Procedural Justice versus Devine Justice* | 13 Pgs | 423kb |
| 02 | *Litchfield v. Spielberg (Ruling)* | 7 Pgs | 186kb |
| 03 | *Sandy Veith v. CBS, Inc. (Magazine Article)* | 2 Pgs | 67kb |
| 04 | *Wikipedia-Double Indemnity (Paramount)* | 12 Pgs | 379kb |
| 05 | *Wikipedia-Big Trouble (Columbia Pics.)* | 4 Pgs | 481kb |
| 06 | *Greenspan v. Platinum Healthcare Grp, LLC.* | 4 Pgs | 195kb |

## MEMORANDUM OF POINTS AND AUTHORITIES

1.    This is a simple and uncomplicated public document it will be public next week or for centuries.  The English level of on any of the filed documents on the record is nothing close to Quantum Mechanics Chromodynamics, Game Theory or ancient instructions how to undo the *Gordian Knot*; instead, all documents in *this case* require high-school level English comprehension.  The judicial lexicon and double negatives are theatrics, to keep the public away; because a simpler language could be used.  *But, who would hire a lawyer if anyone could read any legal paper?* Pertaining *this case*; anyone with a high-school degree next week or for centuries will too recognize the overabundance of: a)bias, b)lack of diligence, c)misdirection, d)oversight, e)factual false statements as e)advocating for Defendant—Paramount.

2.    It is self-evident that the Plaintiff is closer to a pauper or *a starving artist* measured against a multibillion dollars corporation as Paramount Global. Consequently, the reasonable jury or reader ("the public") could predict the judicial outcomes when any pauper goes against multibillion corporations in a capitalist society, when few parties can afford an ivy-league lawyers, while multibillion dollar corporation have the ability to bribe government workers.

3.    The Plaintiff will list the reasons why there was an overabundance of bias, incompetence, misdirection, oversight; and factual false statements advocating for Paramount pertaining ECF-No. 34 and 35; requiring these *Orders* to be reversed in the Lower Court or later in *Appellate Courts.*

4.    The reversal will guarantee the integrity and independence of the U.S. courts and ultimately restore public confidence in the U.S. judicial system.

## AMID PROCEDURAL JUSTICE VERSUS DIVINE JUSTICE

5.    The U.S. Supreme Court is not supreme as in divine; but simply the highest procedural court. Because reincarnation is topical for this lawsuit; it is thus self-evident that the point of reincarnation is simply—divine justice.

6.    It took about one reincarnation for the Supreme Court to evolve and reverse

*Plessy v. Ferguson,* in *Brown v. Board of Education.* Likewise, all the known actors and/or unknown actors in *Sandy v. Paramount* will meet procedural justice, if not, eventually they will meet divine justice—in their next reincarnation.

7.    On 12/13/2024, *Orders 34* and *35* were published; they were not only a day after Plaintiff's birthday; American proud daughter Taylor Swift's birthday; but also a good day for more exclusive material for Plaintiff's next book, *Amid Procedural Justice versus Divine Justice.*

8.    Paraphrasing radio celebrity Garrison Keillor, who had a variety show called *The Prairie Home Companion*, a recurring character was *"The Adventures of an English Major,"* whose habitual line was: *"There has never been a bad day in the life of a writer, everything is material for his next book. If your cruise sinks you write The Titanic, if you are starving, you'll write The Grapes of Wrath and; so on..."* Likewise, 12/13/2024 provided more material for Plaintiff's next book—*Amid Procedural Justice versus Divine Justice* which sample-draft; Paramount's Esquire was kind enough to resubmit it to the Court (as ECF-No.16-5 Page ID#774→776); a longer version of "it" is here attached as Plaintiff's Declaration in Exhibit-1 of his experiences finding divine justice when procedural justice failed in Nevada and Colorado *(see Exhibit-01).*

### THE COURT SHOULD DISQUALIFY HIMSELF FROM THIS CASE

9.    Court's Judgement in *Orders 34 & 35* reflects the first time that the Court actually expressed his *bent of mind;* given the overabundance of false statements, misleading statements; omissions, and purposefully mischaracterizing Plaintiff's allegations *inter alias,* the *Orders* read as the Court was advocating for Paramount.

10.    Because the case has been closed, it is therefore too late to file a *Motion to Disqualify the Court of Hon. Klausner*; however, thanks to the overabundance of bias, listed *infra,* even if the Court reverses his *Orders 34 &35; sua sponte* the Court should recuse himself from presiding *this case.* If *this case* is reversed on appeal recognizing Lower Court's *bent of mind*, the Plaintiff also respectfully requests the

Court to recuse himself due to Plaintiff's economics.

11.     Hon. Judge Klausner is inflexible in his online profile demanding in person attendance and Plaintiff is handicap residing in Colorado and with a broken back and shoulder, he cannot work to afford to live in Los Angeles. Further missing his medical treatments and therapy.

### THE COURT'S LACK OF DILIGENCE

12.     Due to word-count limitations, *Exhibit-02* is a copy of *Order-34* with page-lines numbered, highlighted and indexed for succinct referencing.

13.     Besides listing Court's bias and *bent of mind*, and advocating for Paramount; Court's in the first page displayed a *lack of diligence.* Because front the get-go or chapter *Introduction* the Court struck ECF-No.13 and grants the same stricken "ECF-No.13." Consequently, the Court not only displayed *a lack of diligence* in proofreading his own *Orders;* but also displayed a *Freudian Slip* because ECF.No.16 approval would invoke Court's abuse of discretion because Paramount's new edits were in violation of the 60-day under Fed.R.Civ.P 4(e)(3); further Paramount's ECF.No.16 *motion* was in violation of Court's own Order ECF-No.15; which did not grant Paramount discretion to violate Plaintiff's procedural rights granted in Fed.R.Civ.P 4(e)(3) 60-day rule.

14.     The second major *lack of diligence*, or could be construed as willful violation of Plaintiff's *right to be heard* because the that Court's *bent of mind,* or directly advocated for Paramount by omitting Plaintiff's allegations the 60-day under Fed.R.Civ.P 4(e)(3) and bending his rules on reedits not contained in ECF.No.15.

15.     The lacks of diligence are also reflected in paragraphs: 21, 23, 33, 42 and 65.

### THE TWO PAGENTRIES ON THE RECORD FOR THE PUBLIC

16.     The first pageantry on the record for the public to recognize a week from now or for centuries was described in Complaint's ¶¶-67→90; Paramount's premeditated intellectual theft of Plaintiff's work by misdirecting its intellectual theft by purchasing *The Reincartionist Papers ("TRP")* rights. However, in its own

*motion of dismiss* it is basically Paramount's confession that it never had to buy *TRP*. <u>The description of the pageantry as an intellectual theft misdirection is described on Complaint's ¶-80</u>; because when most screenplays take more than one year to sell, *TRP* was sold as a killer script in one day; however, <u>depicted by the New York Times as one of the worst movies by in 2021</u> *(see ECF-No.1-24)*.

17.     Plaintiff alleges that second pageantry for *the public* to recognize took place on 12/09/2024 during a three minutes Court Hearing; for which the Plaintiff had to travel from Colorado and pay exorbitant priced rent in Los Angeles.  Just as the timing of the first pageantry (described above), the *public* should recognized as the second pageantry is obvious, thanks to its timing as well.  A pageantry of procedural justice, given the *timing* or only for 4 days gap between the publication of *Orders 31, 32, 33 and Orders 34 & 35.*

18.     The *Orders 31, 32,* and *33,* gave the Plaintiff the confidence that the Court was impartial and a jury trial was marked for July of 2025; however, given *Orders 34* and *35* overabundance of false statements, misleading statements; omissions, and purposefully mischaracterizing Plaintiff's allegations; their *timing,* is circumspect as a willful and second pageantry on the record.

## THE FALSE STATEMENTS AND OTHER JUDICIAL ERRORS ARE:

**First False Statement:**

19.     The Page-1 Line-14 is Court's first materially false statement advocating for Paramount, because Court wrote *"a historical science fiction."*  This is materially false because there is no "science" of any kind in *The Link;* instead the Court should have described as *"a historical <u>spiritual</u> fiction."*  Inasmuch, Court is advocating for Paramount to keep the word "spiritual" out of *Orders 34* and *35* it is because the bulk of the Plaintiff's Complaint is—Paramount's subtraction of the religious parts yet keeping Plaintiff's creative arrangement of unprotected elements.

**Second False Statement:**

20.     The Page-1 Line-15 is Court's second materially false statement advocating

for Paramount, because Court wrote *"protagonist with the ability to recall memories."* This is materially false because <u>the Court is describing the protagonist of *TRP*</u> and not the protagonists in *The Link* and *Infinite* when the opposite is true with <u>both having difficulty in recalling past-lives memories.</u> Inasmuch, Court is advocating for Paramount to validate Paramount's pageantry in purchasing *TRP* to misdirect from Paramount's premeditated intellectual theft.

**Third False Statement:**

21. The Page-1 Line-16 is Court's third materially false statement displaying lack of diligence, because there Court wrote *"...bent on world domination."* Inasmuch, Court lacked the diligence to read that the three plots *(The Link, TRP, and Infinite);* none contains world domination villains; however, only *The Link* and *Infinite* had similarity in villainy because <u>both villains were genocidal villains.</u>

**Fourth False Statement:**

22. The Page-2 Line-1 is Court's fourth materially false statement advocating for Paramount, because Court wrote *"...protagonist with a similar ability to recall memories..."* The Court is repeating his second materially false (above) because the Court is describing the protagonist of *TRP* and not the protagonists in *The Link* and *Infinite* because <u>both (instead) had difficulty in recalling past-lives memories.</u> Again, Court is advocating for Paramount's misdirection because its *Motion to Dismiss* reads as a confession that Paramount never needed to purchase uncopyrightable elements from *TRP*.

**Fifth False Statement:**

23. The Page-2 Line-2 is Court's fifth materially false statement displaying lack of diligence, because there Court wrote *"...villain with the same ability."* Inasmuch, Court lacked the diligence because Complaint describes protagonists and villains of *The Link* and *Infinite,* both heroes and villains with diametric ability with reincarnation recall, meanwhile *TRP* (had no heroes), only narrating a den of thieves with the same reincarnation recall ability.

**Sixth False Statement:**

24.    The Page-2 Line-3 are Court's sixth and seventh materially false statements and thus a compound materially false statement advocating for Paramount, because Court wrote *"...("TRP"), a 2009 novel with the <u>same premise</u>."* In so few words it is a compound false statement, which the second falsity is listed below as the *Seventh False Statement.* On using *"same premise"* the Court is advocating for Paramount by <u>misleading the public and the appellate courts</u> from Plaintiff's many claims.  By nomenclature *a premise* is a biased and loaded word because it means a hypothesis or an unfinished idea.  The public and appellate courts will agree that a *premise* is not copyrightable.  The Court is thus, misleading Plaintiff's claims because his lawsuit is not based on a *premise*; but based on a series of expressions based on their creative selection and arrangement. *See Metcalf v. Bochco, 294 F.3d at 1073-74.*  Arrangement that was meticulously described in Complaint and further listed in Exhibits-11 and Exhibit-12 *(see ECF-No.1-11 and ECF-No.1-12).*

**Seventh False Statement:**

25.    The Page-2 Line-3 is Court's seventh materially false statement is also a advocating for Paramount, because Court wrote *"...("TRP"), a 2009 novel with the <u>same premise.</u>"* This is a materially false statement because the <u>summary of *TRP*</u> <u>does not have the same creative selection and arrangement as *Infinite*.</u>  They differ immensely. Differences and similarities are described in Complaint's Exhibit-11, Exhibit-12 and Exhibit-24 *(see ECF-No.1-11, ECF-No.1-12 and ECF-No.1-24).*

26.    Even a very condensed description *TRP* and *Infinite* differ.  Because: <u>in *TRP*</u> <u>is the story with no ethics about an arsonist with no difficult in reincarnation recall</u> <u>trying to join a mafia-like group to protect his assets for his next reincarnation; on</u> <u>the other hand, **once *The Link* is stripped from the spiritual mood**, both *The Link*</u> <u>and *Infinite* is the story of good versus evil, in which the heroes are having</u> <u>difficulties making *a link* to their previous memories while a genocidal villain is</u> <u>trying to stop their memory recalls, both males succeed in their second location</u>

assisted by a women whose name archetypal naming for both is "Light."

**Eighth False Statement:**

27.    The Page-2 Line-7 & 8 are Court's eighth, ninth and tenth materially false statement because they are triple-compound materially false statement advocating for Paramount, because Court wrote *"...a skyscraper on one side, and a pyramid-shape on the other, as shown below:"* On part one *(the Eighth)* is materially false because the way the Court described it, it misleads the public and the appellate courts. Here why is false and wrong; the way the Court described it leads to understand that only the Blu-Ray had the pyramidal object. Court's intent to mislead follows by the Court himself cropping the pyramid from the Plaintiff's artwork.

28.    Plaintiff's artwork are striking similar with Blu-Ray artwork because in both artworks have a (male) protagonist at the center, both have protagonists flanked by **(a very specific building complex)** the World Trade Center and a pyramidal structure. Therefore Court's description was intentionally false.

**Ninth False Statement:**

29.    The Page-2 Line-7 & 8 are Court's compounding with this ninth falsity thus willfully advocating for Paramount. On part two *(the Ninth)* this is materially false because the way the Court factually cropped Plaintiff's artwork to mislead the public and appellate courts. Here why is false and wrong: the first screengrab was found in Orders 34 and 35 cropping out the pyramid from Plaintiff's artwork.

 

*SANDY V. PARAMOUNT Page - 7*

30.    The next two screengrabs are taken from the Complaint's ¶-52, 55 and ¶-17 showing the complete comparison of artworks and artwork shape composition.





**Tenth False Statement:**

31.    The Page-2 Line-7 & 8 are Court's compounding with this tenth falsity thus willfully advocating for Paramount. On part three *(the Tenth)* this is materially false and advocating for Paramount.  It does not take a federal judge to recognize the partiality, a high-school English teacher could also recognize the wrong use of grammar and nomenclature.  <u>Court's cropped photo still shows two buildings and court intentionally still used **the singular** advocating for Paramount.</u> The wrong

grammatical number is bias because **Paramount wants to divert attention that it is the same building complex; so the World Trade Center in both artworks.**

32.    These are striking similarities for two reasons, the odds of the similar artworks is <u>one in billion</u> or <u>three times harder than California Mega Million Lottery (see [Exhibit] ECF-No.1-21);</u> secondly there were no pyramidal structures nor the World Trade Center in the movie *Infinite,* therefore, <u>an actual copy or Plaintiff's artwork and expression.</u>

33.    Finally *False Statements Eight*, *Ninth* and *Tenth* once again display Court's **lack of diligence yet still advocating for Paramount**; because Paramount's defense on <u>artwork striking similarity defense was redacted from ECF-No.16.</u> Therefore Court is indiligent biased and still advocating for Paramount's artwork defense, because **such artwork defense was stricken by Paramount's re-edits.**

**Eleventh False Statement:**

34.    The Page-3 Lines 4 & 5 is Court's eleventh materially false statement advocating for Paramount, because Court cited *"...unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."* The records will show Paramount: 1)offered false statements, 2)violated Fed.R.Civ.P. 4(e)(3); and 3)abused ECF-No.15 when *Order* did not include reediting discretion.  It is abundantly clear that the Court is partial and bias allowing Paramount to be above his own *Order-15* and Rule 4(e)(3).

**Twelfth False Statement:**

35.    The Page-3 Line 12 is Court's twelfth materially false statement advocating for Paramount, because Court wrote *"...Defendant's Motion is procedurally proper."*  <u>Such statement would only be a true statement in a monarchy</u>; instead this is a false statement because the Court provided no legal argument why Paramount was allowed to violate Plaintiff's procedural rights Fed.R.Civ.P. Rule 4(e)(3) and his own *Order-15*, two procedural rights enshrined in The 14th Amendment.

36.    Paramount's *Motion-12(b)* re-edits were not included in *Order-15;* again on

*Order-34* Page-3 Line 13 and 14 the Court repeated himself, *Order-15* did neither include nor authorized Paramount's re-edits.

**Thirteenth False Statement:**

37.     The Page-3 Line 16 is Court's thirteenth is a compound materially false statement advocating for Paramount here as *13 and 14 false statements,* because Court wrote *"...refiled Motion was slightly edited to meet the Court's 5,600 word limit."* On part one the word *"slightly"* is biased and a false statement, *slightly* should represent 1% to 3% editing. Therefore, the Court has a *biased and partial* with a *bent of mind* towards Paramount because *"slightly edited"* is a false statement on the record. Because Paramount re-submitted its *Motion-12(b)* with 1596 fewer words; thus, pursuant to Local Rules, 1596 words represent 22% fewer words, and under Court's Order ECF-No.9; 1596 represents 27% fewer words. Therefore, Court's has a partial ruling and bent of mind with his words *slightly edited* because 22% and 27% represents: more than a fifth pursuant to Local Rules and more than a quarter pursuant to *Order-ECF-No.9.*

**Fourteenth False Statement:**

38.     The Page-3 Line 16 is Court's fourteenth (part two) compound materially false statement advocating for Paramount; because the Court has a *biased and partial* with a *bent of mind* towards Paramount because *Order ECF-No.15* described by the Court himself on Page-3 Lines 15 and 16 the scope of *Order ECF-No.15* which did not include *"to meet Court's 5600-word limit"* but just to double-line Motion-13 and attach a certificate of word-count.

39.     Consequently, Court's false statement is bending his rules for Paramount to violate his own *Order-ECF-No.15* and consequently violating Plaintiff's procedural rights under Fed.R.Civ.P. Rule 4(e)(3) on its 60-day rule.

**Fifteenth False Statement:**

40.     The Page-3 Line 17 is Court's fifteenth materially false statement advocating for Paramount, because Court wrote *"...a footnote addressing a minor point."* Such

statement is false statement because footnote removal was a perjury offered to the Court in ECF-No.13; a federal crime and also obstruction of justice followed by on followed by a cover-up by removing the false remark from ECF-No.16 which is also a federal crime; all misdeeds absent of a court hearing.

41.    Consequently, Court's omissions are collusion with Defendant's obstruction of justice deserving the attention of the FBI, by Federal District Attorney of California, or the Federal Court Administrator even before this false statement is resubmitted to the 9th Circuit of Appeals for review.

**Sixteenth False Statement:**

42.    The Page-3 Line 21 is Court's sixteenth materially false statement advocating for Paramount, because Court wrote *"Each of Plaintiffs' arguments miss the mark."* Again, another grammatical error showing the lack of diligence in proofreading, because this lawsuit has a singular plaintiff and the Court wrote in the plural.  In addition to lack of diligence the Court is ambiguous to which *"mark;"* because Court did not name which federal statute, local rule or which of his own *Orders.*

**Seventeenth False Statement:**

43.    The Page-3 Line 21 is Court's seventeenth materially false statement advocating for Paramount, because Court wrote *"...Court did not authorize Defendant... ...the substance."*  The Court has no discretion to act as an advocate for Paramount in what *"appears"* or does not *"appear"* to be Paramount's intent. Paramount has already hired the top I.P. legal team which already submitted attorneys' fees at $90,784.00 consequently, the Court should belittle himself from judgeship to become another advocate for Paramount.

**Eighteenth False Statement:**

44.    The Page-3 Line 24 is Court's eighteenth materially false statement advocating for Paramount, because Court wrote *"...Motion largely... confer was necessary, ..."* The Court's false statement is also partial because Paramount amending its *Motion-12(b)* is ruled by Fed.R.Civ.P. 15(a)(1)(B).  Here Court

acknowledged that Paramount's new edits were unauthorized the as a matter of law. Paramount could have asked the Court for a *Leave* under Fed.R.Civ.P. 15(a)(1)(B) which authorizes a *motion-12(b)* to be *amended as a matter of course*—and did not. Therefore, Court is bluntly advocating for Paramount, when Paramount highly priced and praised legal team could have followed Rule 15(a)(1)(B) and Local Rule 7-3, because Paramount changed about 27% of its body and removed its perjury from the record.

45.    Even if the Plaintiff disagreed nor consented (under Local Rule 7-3) on Paramount violating his procedural 60-day rule [Fed.R.Civ.P. 4(e)(3)]; Paramount could have simply ask the Court for a *leave* pursuant to Fed.R.Civ.P. Rule 15(a)(2); but Paramount did not.  Therefore, the Court's statement is false on procedural justice and Court should not advocate for Paramount nor allow Paramount to be above the laws: Fed.R.Civ.P. 4(e)(3); Fed.R.Civ.P. 15(a)(1)(B); Fed.R.Civ.P. 15(a)(2) and Local Rule 7-3.

46.    Again for the record, Plaintiff told Esquire on 10/18/2024 that he would agree with a *leave* to amend *ECF-No.13;* however, out of hubris, Paramount dismissed Plaintiff's offer, in fact, via a phone call (ECF-No.30) on 10/21/2024; paraphrasing, *"…because Clerk did not catch his misdeeds he could exceed Order-15 discretion."*

47.    The Court should abide by the procedural justice, and not bend rules; thus advocating for Paramount.

**Nineteenth False Statement:**

48.    The Page-3 Line 27 is Court's nineteenth materially false statement advocating for Paramount, because Court wrote *"Plaintiff… …Motion to Dismiss."* The Court's false statement is also partial advocating for because Paramount because even when the false statement was stricken from ECF-NO.13, Paramount renewed its false statement by doublingdown the same false statement in ECF-23, Pg.ID #951, Lines 3—11.   Thus, Court is biased in a cover up of a federal crime—perjury.

**Twentieth False Statement:**

49.    The Page-4 Line 3—7 or <u>whole paragraph</u>, is Court's twentieth materially false statement advocating for Paramount, because paragraph repeats Court's in more detail the false statement already objected by Plaintiff in his ¶-48, *supra.* So, in "two statements" the Court is bias in a cover-up of a federal crime—perjury.

**21st False Statement:**

50.    The Page-4 Footnote 2 is Court's 21st materially false statement, mischaracterizing Plaintiff's three allegations while advocating for Paramount.

51.    When the Court is willfully mischaracterizing <u>Plaintiff's three allegations</u>, and only addressing on the least consequential false statement, it is concerning, because it is tantamount to thwarting *the right to be heard* and also an obstruction of justice deserving the attention of the FBI, by Federal District Attorney of California, and/or the Federal Court Administrator even before the mischaracterization of Plaintiff's three allegations are resubmitted to the 9th Circuit of Appeals for review.

52.    Correcting Court's falsity while advocating on his Footnote-2; because <u>there were not one, but three allegations of false statements</u> in ECF-No.20. A)Paramount referred to Plaintiff's book dustjacket as the book-cover and mislabeling the W.T.C. as *Twin Towers* [ECF-No.20 Pg. ID#839]; B)Paramount falsely claiming their Blu-Ray not to contain the W.T.C.; but *"an entirely different New York cityscape"* [ECF-No.20 Pg. ID#840]; C)Paramount falsely claiming that the pyramidal structure was *"... a mountain peak (the location of the Hub)."* [ECF-No.20 Pg. ID#841];

53.    The record shows three allegations of false statements, and *Order 34* and *35* show the Court advocating for Paramount, <u>Court ruled on only one</u>, disregarding the more important falsities on the record. <u>A testimonial on Paramount's perjury is not even required; because already in writing Paramount doubled-down on its false statement-B (¶-52) in its [ECF-23, Pg.ID #951, Lines 3—4]; and reversed its double-down</u> **by admitting to be the W.T.C. in the Blu-Ray** in [ECF-23, Pg.ID

#951, Lines 5—7]. Therefore, here lines Lines 5—7 is therefore Paramount's confession that *"an entirely different New York cityscape.;"*is hereby admittedly as a false statement.

**22ⁿᵈ False Statement:**

54.    The Page-5 Lines 3-to-5 is Court's 22ⁿᵈ materially false statement advocating for Paramount mischaracterizing Plaintiff's Complaint-core accusation because Court wrote *"Plaintiff alleges that Defendant copied concepts… …The Link"*

55.    The paragraph is false advocating for Paramount <u>because both (Court and Defendant) avoided Complaint-core by about 17 pages</u>, which is that *Infinite* is a secular version of *The Link*.   More specifically, Court advocating for Paramount avoided Complaint's allegation from ¶-29 (Pg.9) through ¶-45(Pg.13) and from ¶-67 (Pg.18) through ¶-113 (Pg.29).   Complaint's summary: <u>Religions are toxic for Hollywood therefore Paramount stripped *The Link* from spirituality keeping remaining creative expression, and Paramount misdirected its intellectual theft by purchasing *TRP rights* when none of the sequences of *TRP* were used in *Infinite.*</u>

**23ʳᵈ False Statement:**

56.    The Page-5 Lines 6-to-12 is Court's 23ʳᵈ materially false statement advocating for Paramount because both (Court and Defendant) avoided Complaint's chapter on "access" from ¶-15 through ¶-21.   Further, my omission, Court reversed ruling from Hon. Snyder in *Gray* contained in ¶-21 making <u>California Federal District whimsical and capricious regarding *access*. (see "Gray" highlighted Exhibi-03).</u>   **The public will lose confidence in their judiciary when the same justice system and even the same venue are oblivious to *stare decisis* with capricious or whimsical rulings from case to case.**

57.    Furthermore, Court is advocating for Paramount because <u>it is a false equivalence</u> citing *Malibu Textiles, Inc. v. Label Lane Int'l, Inc., 922 F.3d 946 (9th Cir. 2019)* regarding "striking similarities" because while *The Link* and *Infinite* are both literary expression; *Malibu* is about lace floral designs in women's underwear.

**24th False Statement:**

58.    The Page-5 Line 13 is Court's 24th materially false statement advocating for Paramount because Court is basically repeating his previous paragraph, when both (Court and Defendant) avoided Complaint's chapter on "access" from ¶-15 through ¶-21 and by avoidance or omission disregarded *stare decisis* in *Gray v. Hudson.* *(Exhibit-03).* Furthermore, the entire paragraph is whimsical, because on Page-5 Lines 13 through 20 because it is in diametric opposition with *stare decisis* provided by the same venue and jurisdiction by Hon. Judge Snyder. *(Exhibit-03).*

**25th False Statement:**

59.    The Page-5 Lines 21—26 is Court's 25th materially false statement advocating for Paramount because both (Court and Defendant) avoided Complaint's chapter on "access" from ¶-15 through ¶-21.  Further, it is notable that the Court has been making the same point of "access" *ad nauseam.*  In fact, 9 times on Order's page 5 alone.  Likewise, ECF-No.13 and ECF-No.16; also shows that the Esquire Grossman's *nauseam*-style in his motions.  A forensic linguistic could determine; if the Court is a fan of Grossman's *ad nauseam* style, or that Grossman is really the author of the judgement.  Nonetheless, Plaintiff disagree with Nazi propagandist Joseph Goebbels; inasmuch as repeating a point does not make it true. Plaintiff objects to the Court's *ad nauseam* statements on "access" when the Court never reversed Hon. Judge Snyder, nor said; *"she was ever wrong in Gray."*

**26th False Statement:**

60.    The Page-5 Line 27 is Court's 26th materially false statement advocating for Paramount, because Court wrote *"...Plaintiff does not establish... ...directly inferred."* Actually, **Plaintiff did** and adding almost impossible mathematical odds. This is a false statement advocating for Paramount because both (Court and Defendant) never disputed the near impossible mathematical permutation odds contained in Complaint's Exhibit-21 and 22.

**27th False Statement:**

61.    The Page-5 Line 28 is Court's 27th materially false statement advocating for Paramount, because Court wrote *"While Plaintiff lists… …protectable expression."*

62.    For starters, it is notable that <u>the Court made a loaded, prejudicial and unnecessary false comment</u> with the word *"countless."* The similarities are neither countless nor random. The similarities are not *countless,* but enumerated just under <u>one hundred in the same sequence book and movie</u> in ECFNo.1-11 & ECFNo.1-12.

63.    Because ECFNo.1-11 & ECFNo.1-12 are neither *countless* nor random is another Court's false statement because: *"as to not qualify as protectable expression,"* because while bare facts themselves are not subject to copyright, see *e.g., Feist. 499 U.S. 344-45 (phone numbers not copyrightable)*, an <u>author's creative expression and/or selection and arrangement of those facts are indisputably protected.</u> See *Three Boys Music Corp. v. Bolton, 212 F.3d 477,485 (9thCir. 2000) ("well settled that … a combination of unprotectable elements [is] protectable under the extrinsic test"); Rentmeester, 883 F.3d at 1119 ("What is protected by copyright is the [author's] selection and arrangement of the [work's] otherwise unprotected elements."); Hanagami, 2023 WL 7174242 at *8 (reversing due to the failure to properly assess "selection and arrangement").*

64.    Further, here *27th False Statement* also reads as Court's admission that Paramount also did not have to purchase *TRP* rights, certifying that Paramount's purchase of *TRP* was a premeditated intellectual theft as a misdirection.

**28th False Statement:**

65.    The Page-5 Line 27 is Court's 28th materially false statement advocating for Paramount, because Court wrote *"…Plaintiff alleges… …his past lives."* This is a false statement advocating for Paramount <u>because the Court is only quoting a summary of similarities</u> from Complaint's ¶-126 and not the 98 contained in Complaint's Exhibit-11 nor the in-depth analysis from Complaint's Exhibit-12.

66.    The fact that Court did not bother to read Exhibit-11 and 12 further shows

*lack of diligence* on this case depriving the Plaintiff from *the right to be heard.*

**29th False Statement:**

67.    The Page-5 Lines 31—34 is Court's 29th materially false statement advocating for Paramount, because Court wrote *"These traits… …much less 'striking'."* This is a false statement advocating for Paramount because under *"Scènes à faire"* stock elements need to meet the criteria of being indispensable.

68.    *Stock elements* under *"Scènes à faire"* is narrowly defined and entails only expressions that <u>*"are as a practical matter indispensable."*</u> *Hoehling v. Universal City Studios, Inc., 618 F.2d 972, 979 (2ndCir. 1980); Ets-Hokin v. Skyy Spirits, Inc., 225 F.3d 1068, 1082 (9thCir. 2000) (similarities cannot be disregarded as scènes à faire unless <u>they meet narrow exclusion for "indispensable"</u> "stock" elements).*

**30th False Statement:**

69.    The Page-6 Line 1 is Court's 30th materially false statement advocating for Paramount *ad nauseam* regarding *"access;"* already debunked as false statements above as 22nd, 23rd, 24th, 25th because Court did not reverse Hon. Judge Snyder's *stare decisis* as flawed.

70.    Both the Court and Paramount insist in advocating that copyright infringement must be reduced to a game of tag.  Inasmuch, if any plaintiff cannot tag the director of the movie studio or book editor, the rich corporation may rob the starving artist forever; a game of tag already debunked in *Gray (see Exhibit-03).*

71.    The narrative that both (Court and Defendant) avoided Complaint's chapter on "access" from ¶-15 through ¶-21. Plaintiff objects to the Court's *ad nauseam* statements on *"access"* when the Court never said that Hon. Judge Snyder was ever wrong in *Gray (see Exhibit-03).*

**31st False Statement:**

72.    The Page-6 Footnote 3 is Court's 31st materially false statement advocating for Paramount when court wrote: *"Plaintiff spends… …depending on the creative medium."* This is a false statement because of its false equivalency regarding: ethics;

common sense; and courts' discretion.  <u>The public and appellate courts will take
notice that the false equivalency is biased because a reasonable person: cannot
measure temperature with a measuring tape; weight with a thermometer, and
distance with a scale.  Likewise; these principles apply to copyright medium.</u>

73.    **As a thought experiment** imagine the public reading the Court's ruling
without citing the precedent as in *Rentmeester* and *Malibu;* but their actual claims.

74.    For instance, regarding *Rentmeester* the public needs to see what the Court
actually wrote, *"Because the way that Nike Shoes replicated Rentmeester's Michael
Jordan taking a jump in college, Plaintiff must prove that sequence, archetypal
characters, dialog and plot are copied as well in his literary work."*

*75.*    For instance, regarding *Malibu* the public needs to see what the Court actually
wrote, *"Because the way that a ladies underwear factory replicated the Malibu's
floral arrangement, Plaintiff must prove that sequence, archetypal characters,
dialog and plot are replicated as well from his literary work."*

76.    Because the Court is not an automaton computer, but has discretion to use
common sense and ethics; the public, if not appellate courts, will easily see that the
District Court is biased, and failed to use discretion when photo and floral
arrangements are false equivalency to literary expression, simply because Court has
been advocating for Paramount.

**OTHER WAYS COURT ADVOCATED FOR DEFENDANT PARAMOUNT**

77.    According to Esquire Grossman's ¶-3 in ECF-No.23-1 Plaintiff failed to
respond to *Motion-12(b)* on its deadline 10/28/2024.    However, Plaintiff's
exculpatory defense is Grossman provided Plaintiff false advice on Paramount's
*Motion-12(b)* deadline to respond.  Consequently, <u>Grossman's ¶-3 in ECF-No.23-1
provided another false statement to the Court,</u> thus besides of violating federal penal
code he also violated California Code of Professional Conduct for esquires, by
providing <u>a false procedural false advice to the Plaintiff</u> and <u>advice to an
unrepresented party</u>.

78.    Legal evidence that Grossman's statement is impeachable was lodged as audio recording ECF-No.30 (98 minutes audio under Colorado consent statute).

79.    The public, Court Administrator, and Court of Appeals will take notice that a just and impartial court would have reported Esquire's continuing false statements to proper authorities, also recommended Esquire for disciplinary evaluation with the State Bar of California.

80.    From the start of Court's judgement it shows partiality, bias, with a bent of mind in favor or Paramount with loaded words, in Page-1, Line-7 Court wrote: *"Plaintiff, however, took issue with the substance and underline timing of Defendant's refiled Motion, subsequently filing a Motion to Strike."*

81.    Because by reediting its motion after 60-day rule, Paramount bluntly violated Plaintiff's several procedural rights delineated in ECF-No.20 Pg. ID#842; and Court stayed away from ruling in the violation of Fed.R.Civ.P. 4(e)(3) via motion, *sua sponte* or otherwise.  The public and Appellate Courts will conclude bias.  Also Court's biased euphemism (Pg.1 Line-7) that [Plaintiff took an issue with "*timing*"] is analogous to say that the passengers of the Titanic took an issue with moisture.

## CONCLUSION

82.    Because the Court's listed false statements, pursuant to bias, omission, mischaracterizing Plaintiff's allegations; Plaintiff request court to reverse his orders and let creative arrangement and sequence to be decided by a jury trial.

83.    Further, because of Court's listed false statement and Plaintiff's economics, because he cannot work because of his handicaps and cannot afford to live or to travel to California; that the Court recuse himself from presiding in this case after reversal in Lower Court, or when reversed by appellate courts.

Respectfully submitted on 9th day of January, 2025.

*/s/ Bayardo Reno Sandy*                     Mailing: P.O. Box 81922

Plaintiff: Bayardo Reno Sandy Pro-Se          Las Vegas, NV 89180

Crestone, CO 81131                            Phone (310) 929-0321

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF COMPLIANCE

The Plaintiff certifies this brief contains 5549 words and 19 pages, which complies with Local Rule 11-6.1 and this Court's Standing Order ECF-No. 9 dated May 31st, 2024.

Respectfully submitted on 9th day of January, 2025.


*/s/ Bayardo Reno Sandy*

Plaintiff: Bayardo Reno Sandy Pro-Se

Physical: 609 Heatherbrae Road

Crestone, CO 81131

Mailing: P.O. Box 81922

Las Vegas, NV 89180

Phone (310) 929-0321