closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04403-RGK-RAO | Date | February 14, 2025 |
|---|---|---|---|
| Title | *Bayardo Reno Sandy v. Paramount Pictures Corporation* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion for Reconsideration [DE 38] and Defendant's Motion for Attorneys' Fees [DE 36]

## I.  INTRODUCTION

On May 28, 2024, Bayardo Reno Sandy ("Plaintiff"), representing himself *pro se*, filed a combined 645-page Complaint plus exhibits against Paramount Pictures Corporation ("Defendant") alleging that his novel, *The Link: The Third Millennium* ("*The Link*"), was infringed by Defendant's 2021 film, *Infinite*, and asserting claims for copyright infringement, declaratory relief, and injunctive relief. (ECF No. 1.)

On October 15, 2024, Defendant filed a Motion to Dismiss. (ECF No. 13.) However, due to procedural defects, on October 16, 2024, the Court struck the Motion. (ECF No. 15.) Defendant refiled its Motion on October 17, 2024. (ECF No. 16.) Plaintiff, however, took issue with the substance and timing of Defendant's refiled Motion, subsequently filing a Motion to Strike. (ECF No. 20.) On December 13, 2024, the Court issued an order granting Defendant's Motion and denying Plaintiff's Motion to Strike. (ECF No. 34.) There, the Court found that Plaintiff's claims failed because he did not, and could not, plausibly allege that Defendant had access to *The Link*, that *The Link* was widely disseminated, or that *Infinite* and *The Link* were "strikingly similar." Accordingly, the Court dismissed Plaintiff's claims with prejudice. That same day, pursuant to 17 U.S.C. § 508, the Court issued a report to the Register of Copyrights informing it of the Court's dismissal. (ECF No. 35.)

Presently before the Court are Plaintiff's Motion for Reconsideration, (ECF No. 38), and Defendant's Motion for Attorneys' Fees[1] (ECF No. 36). For the following reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration and **GRANTS** Defendant's Motion for Attorneys' Fees.

---

[1] Though not discussed in detail in its Motion, Defendant also appears to seek costs. To the extent that Defendant seeks costs, Defendant may file the appropriate application to tax costs with the Clerk of Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-04403-RGK-RAO | Date | February 14, 2025 |
| Title | *Bayardo Reno Sandy v. Paramount Pictures Corporation* | | |

**II.    MOTION FOR RECONSIDERAION**

    **A.    Judicial Standard**

    While Federal Rule of Civil Procedure 59 controls amending final judgments, Local Rule 7-18 controls reconsideration of court orders. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 467 (9th Cir. 1989). A motion for reconsideration should only be granted in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Local Rule 7-18 provides:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

C.D. Cal. L.R. 7-18.

    **B.    Discussion**

    Plaintiff moves for reconsideration of the Court's dismissal of his claims and report to the Register of Copyrights informing it of the Court's dismissal. Plaintiff argues that the Court's dismissal and report display an "overabundance of bias, incompetence, misdirection, oversight[,] and factual false statements advocating for [Defendant]." (Pl.'s Mot. for Recons. at 1.) And thus, reconsideration is necessary to "guarantee the integrity and independence of the U.S. courts and ultimately restore public confidence in the U.S. judicial system." (*Id.*) To let the dismissal and report stand would be "bad karma," for which all parties involved will be met with "procedural justice" or "divine justice" "in their next reincarnation." (*Id.*)

    It is wholly unclear upon what basis Plaintiff seeks reconsideration in this manner. Of the many numerous false statements he accuses the Court of making, Plaintiff asserts that the Court "only quot[ed] a summary of similarities . . . and not the 98 contained in [Complaint's Exhibits]." At best, Plaintiff appears to argue that the Court—due to its alleged bias and advocacy for Defendant—failed to consider the similarities between his work and Defendant's work, per Local Rule 7-18(c). However, Plaintiff does not point to any material facts that the Court did not consider. Indeed, as Defendant correctly notes and Plaintiff inadvertently concedes, the Court considered the countless similarities alleged in the Complaint and found "most, if not all . . . so general as to not qualify as protectable expression." (Order Re: Mot. to Dismiss and Strike at 5.) If anything, Plaintiff's Motion is nothing more than an attempt to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04403-RGK-RAO | Date | February 14, 2025 |
|---|---|---|---|
| Title | *Bayardo Reno Sandy v. Paramount Pictures Corporation* | | |

relitigate the original arguments raised in his Opposition to Defendant's Motion to Dismiss, accuse Defendant and the Court of misconduct, and make vague spiritual threats. This conduct is not just improper grounds for reconsideration, but outright unacceptable behavior in a court of law.

Plaintiff alternatively moves for a new trial. This is puzzling, as no trial was held in the first place. Unsurprisingly, he fails to provide any authority to support this request. Having found that neither reconsideration nor a new trial are appropriate, the Court **DENIES** Plaintiff's Motion for Reconsideration.

### III. MOTION FOR ATTORNEYS' FEES

#### A. Judicial Standard

A prevailing litigant ordinarily may not collect attorneys' fees from the losing party unless authorized by statute or some other rule. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 257 (1975). The Copyright Act contains one such statute, as 17 U.S.C. § 505 gives a court discretion to award reasonable attorneys' fees to a prevailing party.

#### B. Discussion

Defendant seeks an award of attorneys' fees pursuant to 17 U.S.C. § 505. The Court first considers whether fees are warranted under § 505.

##### 1. *Fees Under § 505*

Section 505 gives a court discretion to award attorneys' fees to a prevailing party. 17 U.S.C. § 505. This discretion, though broad, is not unlimited and not without guidance; courts must consider whether a fee award would further the policy of the Copyright Act, which seeks to "enrich[] the general public through access to creative works" by "striking a balance between two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 204, 208–10 (2016) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526–27 (1994)) (cleaned up). Accordingly, the Supreme Court and Ninth Circuit have set forth several non-exclusive factors a court may consider: frivolousness, motivation, objective reasonableness, considerations of compensation and deterrence, the degree of success, the purposes of the Copyright Act, potential chilling effect, and equity. *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). Though not by themselves dispositive, courts place "significant weight" and "importan[ce]" on objective reasonableness and the purposes of the Copyright Act. *Id.* (citing *Kirtsaeng*, 579 U.S. at 210).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04403-RGK-RAO | Date | February 14, 2025 |
|---|---|---|---|
| Title | *Bayardo Reno Sandy v. Paramount Pictures Corporation* | | |

Here, Defendant argues that the Court should award fees under § 505 because of Defendant's degree of success, Plaintiff's objective unreasonableness, Plaintiff's bad faith tactics, Plaintiff's frivolous arguments, and because an award for fees would provide compensation and deterrence consistent with the policy of the Copyright Act. The Court agrees.

First, Defendant meets the degree of success factor because Plaintiff's claims were dismissed.

Second, Plaintiff's claims were objectively unreasonable because Plaintiff did not have a viable theory of Defendant's access to *The Link*, wide dissemination of *The Link*, or striking similarities between *The Link* and *Infinite* from which access may be inferred.

Third, Plaintiff engaged in bad faith tactics and advanced frivolous arguments throughout litigation. For instance, in opposing Defendant's Motion for Attorneys' Fees, Defendant expressly declines to address Defendant's arguments under the bizarre assertion that "most of [Defendant's Motion] itself does not require a response," instead choosing to "only address new insults, innuendos and false statements on the record[.]" (Pl.'s Opp'n to Def.'s Mot. for Attorneys' Fees at 2, ECF No. 37.) And in so doing, Plaintiff accuses Defendant's counsel of fraud and argues that granting the Motion would cast "bad karma" upon the Court. (*Id.* at 9.) Moreover, Defendant even attempted to file a secretly recorded conversation between himself and Defendant's counsel, potentially running afoul of California Penal Code § 632, otherwise known as California's two-party consent statute. (Pl.'s Notice of Manual Filing, ECF No. 30.)

Fourth, awarding attorneys' fees as compensation and deterrence furthers the policy of the Copyright Act, as it both encourages Defendant and others to defend against meritless claims instead of paying nuisance settlements, and deters Plaintiff and others from unreasonably litigating future copyright claims.

For these reasons, an award of fees is warranted under § 505. Accordingly, the Court next turns to the reasonableness of the fees sought.

  2. <u>*Reasonableness of Fees*</u>

To calculate reasonable attorneys' fees, federal courts use the lodestar approach. *City of Burlington v. Dague*, 505 U.S. 557, 559–60 (1992). First, the lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, excluding any hours not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). District courts may then adjust the lodestar upward or downward using a "multiplier" based on factors not initially considered in determining the lodestar. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04403-RGK-RAO | Date | February 14, 2025 |
|---|---|---|---|
| Title | *Bayardo Reno Sandy v. Paramount Pictures Corporation* | | |

Here, Defendant requests $90,784.00 in attorneys' fees based on discounted rates and a reduced number of hours billed as follows:

| Timekeeper | Hourly Rate | Total Hours Billed | Total Dollars |
|---|---|---|---|
| Grossman, David (Partner) | $641.00 | 75 | $48,075.00 |
| Shields, Erin (Associate) | $641.00 | 65 | $41,665.00 |
| Nielson, Marian (Paralegal) | $289.75 | 4.9 | $1,044.00 |
| **TOTAL** | | 144.9 | $90,784.00 |

(Grossman Decl. ¶ 11, ECF No. 36-1.)

According to Defendant's counsel's billing records, these hours were spent primarily on: (1) examining and analyzing the works at issue which included films and novels; (2) researching Plaintiff's claims; (3) reviewing Plaintiff's submissions, including purported expert reports, and hundreds of pages of charts and claimed similarities; (4) preparing a joint scheduling report and initial disclosures; (5) preparing a motion to dismiss and opposition to Plaintiff's motion to strike; (6) appearing at court hearings; and (7) meeting and conferring with Plaintiff in connection with his various motions and applications. (Def.'s Mot. for Attorneys' Fees at 10–11.)

Defendant asserts that the time spent was reasonable given the volume of material its attorneys had to review—namely, a 645-page Complaint plus exhibits and an entire movie—and because Plaintiff sent numerous lengthy emails filled with unusual anecdotes about Plaintiff's personal life, narrations of fables, and personal attacks, all of which appear calculated to waste Defendant's counsel's time and incur greater fees. For example, in these emails, Plaintiff appears to taunt the significant legal fees Defendant incurred as a result of this litigation, writing: "Dear Esquire Shields and Grossman, you are part of the painful sabotage against Paramount Pictures . . . I am sure that just to read my conferral response between both of your legal hours is costing Paramount more than $1,000.00 which equals to two hundred Paramount Plus online subscriptions. You both are a conflict of interest for Paramount." (Grossman Decl., Ex. B at 5, ECF No. 36-3 (mistakes in original).)

Defendant also asserts that its counsels' discounted hourly rates are reasonable. According to a survey by *The National Law Journal*, these discounted hourly rates are substantially lower than similarly situated counsel with experience and background in copyright infringement within the Los Angeles area. (Grossman Decl. ¶¶ 17–19.)

Plaintiff does not dispute the reasonableness of Defendant's fee request. In fact, Plaintiff boldly asserts that "most of the memorandum and Motion itself does not require a response." (Pl.'s Opp'n to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04403-RGK-RAO | Date | February 14, 2025 |
|---|---|---|---|
| Title | ***Bayardo Reno Sandy v. Paramount Pictures Corporation*** | | |

Def.'s Mot. for Attorneys' Fees at 2.) Instead, Plaintiff chooses, once more, to lob baseless accusations and insults at Defendant and the Court. For example, Plaintiff accuses Defendant's counsel of incompetence and suggests that incompetent attorneys do not deserve fees. But this accusation is baseless and unsupported by legal argument. And thus, upon review of Defendant's billing records, the Court agrees with Defendant that its fee request is reasonable.

Separate and apart from the reasonableness of the fees, however, Plaintiff argues that a fee award would be futile because he is purportedly unable to pay. Although a court "*may*" consider a plaintiff's inability to pay, the court should not deny fees on this ground alone, as otherwise, "indigent plaintiffs could bring wholly frivolous suits against successful authors in the hopes of negotiating a nuisance settlement, without any concern about having to pay attorneys' fees." *Gable v. Nat'l Broad. Co. ("NBC")*, 2010 WL 11506430, at *9 n.10 (C.D. Cal. Aug. 6, 2010) (emphasis in original). Due to the frivolous nature of Plaintiff's claims, the Court finds that Defendant's requested fees are proper, regardless of Plaintiff's purported inability to pay.

Accordingly, the Court **GRANTS** Defendant's Motion and **awards $90,784.00** in attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration and **GRANTS** Defendant's Motion for Attorneys' Fees. The Court **awards $90,784.00** in attorneys' fees to Defendant.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | JRE/sf |